IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| INFOGATION CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Civil Action No.: 6:20-cv-0366<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff InfoGation Corporation ("Plaintiff" or "InfoGation"), for its Complaint with Jury Demand for patent infringement against Defendant Google LLC ("Defendant" or "Google"), alleges, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

**PARTIES**

1.　　InfoGation is a corporation organized and existing under the laws of Delaware, with its principal place of business at 12250 El Camino Real, Suite 116, San Diego, California 92130.

2.　　Google LLC is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

**JURISDICTION AND VENUE**

3.　　This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*

4.　　This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Google is registered to do business in Texas, and upon information and belief, Google has transacted business in the Western District of Texas and has committed acts of direct and indirect infringement in the Western District of Texas.  Google has a regular and established place of business in the Western District of Texas located at 500 W 2nd St, Austin, Texas 78701.

6.      This Court has personal jurisdiction over Google in this action because Google has committed acts within the Western District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Google would not offend traditional notions of fair play and substantial justice.  Google has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patent.

## THE PATENT-IN-SUIT

7.      On September 18, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,292,743 ("the '743 Patent"), titled "Mobile Navigation System," naming Qing Kent Pu and Hui Henry Li as inventors.  A true and correct copy of the '743 Patent is attached hereto as Exhibit A.

8.      InfoGation is the owner of all right, title, and interest in the '743 Patent.

9.      Each claim of the '743 Patent is valid and enforceable.

## FACTUAL ALLEGATIONS

10.     InfoGation is a pioneer in the development of on-board and handheld vehicle navigation solutions.  InfoGation produces vehicle-based turn-by-turn driving directions with accurate voice guidance, real-time travel content, and communications integration solutions for the automotive, trucking, commercial fleet and consumer industries.  In conjunction with Microsoft and Clarion, InfoGation created the first in-car computing device, the AutoPC, which

was powered by Microsoft's Windows CE for Automotive operating system. InfoGation also licensed its software platform to the Hertz rental car company for Hertz Never Lost navigation devices as well as the IntelliRoute navigation software to Rand McNally for its consumer, recreational vehicle, and truck/fleet product lines.

11. The '743 Patent was developed by Dr. Qing Kent Pu, President, CEO, and Founder of InfoGation, along with Dr. Hui Henry Li. The '743 Patent is directed to a mobile navigation system wherein the client navigation computer wirelessly connects to a navigation server, receives optimal route information from that navigation server that is formatted using a non-proprietary, natural language description, reconstructs the optimal route from that non-proprietary, natural language description using a mapping database coupled to the navigation computer, and displays the optimal route on a display screen using that mapping database.

12. Certain Google products and services, including those that incorporate the technology of the Google Maps API, infringe at least claim 21 of the '743 Patent.

13. The Google Maps API provides an optimal route using real-time information from a server of a navigation system. For example, the Google Maps API DirectionService object "communicates with the Google Maps API Directions which receives direction requests and returns an efficient path. Travel time is the primary factor which is optimized, but other factors such as distance, number of turns and many more may be taken into account." *Directions Service | Maps JavaScript API | Google Developers*, available at https://developers.google.com/maps/documentation/javascript/directions (retrieved on May 4, 2020).

14. The navigation system comprises a client (such as a mobile device) and said server (hosted by Google) coupled to a computer network (such as a wireless network). *Id.*

15. Using the technology of the Google Maps API requires establishing a wireless connection between the server and the client. For example, a wireless connection is established via the Internet or a cellular network with a client such as a mobile device.

16. The Google server receives start and end route designations from the client. For example, the user of a mobile device specifies the origin and destination using the technology of the Google Maps API, and Google receives this information at the server via the wireless connection.

17. Using the technology of the Google Maps API, Google calculates at the server the optimal route based on real-time information at the server and said start and end route designations. For example, the Google Maps API DirectionService object "communicates with the Google Maps API Directions which receives direction requests and returns an efficient path. Travel time is the primary factor which is optimized, but other factors such as distance, number of turns and many more may be taken into account." *Directions Service | Maps JavaScript API | Google Developers*, *available at* https://developers.google.com/maps/documentation/javascript/directions (retrieved on May 4, 2020). The technology of the Google Maps API enables users to "find the best way to get from A to Z with comprehensive data and real-time traffic." *Geo-location APIs | Google Maps Platform | Google Cloud*, *available at* https://cloud.google.com/maps-platform/ (retrieved on May 4, 2020).

18. Using the technology of the Google Maps API, Google formats at the server the optimal route into a non-proprietary, natural language description. For example, Google explains:

> A DirectionsStep is the most atomic unit of a direction's route, containing a single step describing a specific, single instruction on the journey. E.g. "Turn left at W. 4th St." The step not only describes the instruction but also contains distance and duration information relating to how this step relates to the following step. For example, a step denoted as "Merge onto I-80 West" may

contain a duration of "37 miles" and "40 minutes," indicating that the next step is 37 miles/40 minutes from this step.

*Directions Service | Maps JavaScript API | Google Developers*, available at https://developers.google.com/maps/documentation/javascript/directions (retrieved on May 4, 2020). Thus, the route is formatted into a non-proprietary, natural language description (e.g., "Turn left at W. 4th St.").

19. Using the technology of the Google Maps API, Google downloads from the server said non-proprietary, natural language description to the client (e.g., a mobile device) so that the client can reconstruct the optimal route using a local mapping database and display said optimal route on a display system coupled to the client. For example, the mobile device using the technology of the Google Maps API constructs a visual map using a local mapping database and displays the route using the map on the mobile device screen.

20. Google has had notice of the '743 Patent since no later than October 7, 2016, the date on which Google filed a Complaint for Declaratory Judgment of Non-Infringement of the '743 Patent in the United States District Court for the Northern District of California (Case No. 3:16-cv-05821-VC). That case was dismissed for lack of subject matter jurisdiction.

21. Further, Google has been aware that the '743 Patent is not invalid since no later than September 11, 2017. On that date, the USPTO Patent Trial and Appeal Board issued a decision declining to institute an *inter partes* review of the '743 Patent, rejecting a petition filed by Google and other petitioners.

22. Certain terms in Claim 15 of the '743 Patent were construed in Case No. 16-cv-01901-H-JLB, *InfoGation Corp. v. ZTE Corporation, et al.* and Case No. 16-cv-01902-HJLB, *InfoGation Corp. v. HTC Corporation, et. al.*, both filed in the United States District Court for the Southern District of California ("the California Actions"). Specifically, the court in the California

Actions construed the terms "navigation server," "non-proprietary," "natural language," "mapping database coupled to said navigation computer for reconstructing said optimal route from said non-proprietary, natural language description," and "optimal routes/optimal route," all of which appear in Claim 15.  Certain of those terms appear in Claim 1 as well.

23. The California Actions were resolved without a final judgment on the merits and were never appealed to the Federal Circuit.  The court's constructions in the California Actions are therefore not binding on this Court, nor do they have any preclusion or other *res judicata* effects as to any party to this action.  InfoGation anticipates that the Court will construe the claims in this action *de novo*, and InfoGation reserves all rights to seek constructions that are different from the constructions entered in the California Actions, as well as constructions of terms that were not construed in the California Actions,

## GOOGLE'S INFRINGING ACTIVITY

24. Google infringes at least Claim 1 of the '743 Patent by making, using, selling, and/or offering to sell the Google Maps API.

25. The Google Maps API provides an optimal route using real-time information for a navigation system.  The Google Maps API directions service returns "an efficient path" in which "[t]ravel time is the primary factor which is optimized, but other factors such as distance, number of turns and many more may be taken into account."  *See* https://developers.google.com/maps/documentation/javascript/directions.

26. The Google Maps API provides the optimal route for a navigation system that comprises a client, such as a user's personal electronic device, and a server, such as "an external server" to which the Google Maps API makes calls.  *See id*.  The server is coupled to a computer network such as the Internet, a wireless local area network, or a cellular network such as a 4G or 5G network.

27. Use of the Google Maps API requires establishing a wireless connection between the client and the server, as the user's personal electronic device communicates with the external server wirelessly.

28. Use of the Google Maps API requires transmitting start and end route designations from the client to the server. For example, the user's personal electronic device communicates the device's present location (start route designation) and destination (end route designation) to the external server.

29. The external server accesses real-time information. For example, the Google Maps API enables helps "users find the best way to get from A to Z with comprehensive data and real-time traffic." *See* https://cloud.google.com/maps-platform/.

30. The external server calculates the optimal route based on the real-time information and the start and end route designations. For example, the external server calculates the optimal route based on real-time traffic conditions and the present location and destination.

31. Use of the Google Maps API requires formatting the optimal route into a non-proprietary, natural language description. The description prepared by use of the Google Maps API is non-proprietary at least because the description is formatted using standardized messages based on a published API. Further, the description is natural language at least because the description comprises natural language phrases such as "Turn left at W. 4th St." *See* https://developers.google.com/maps/documentation/javascript/directions. To the extent these elements are not literally present, they are present under the doctrine of equivalents.

32. Use of the Google Maps API requires downloading the non-proprietary, natural language description to the client, *i.e.* by transmitting the description to the user's personal electronic device.

33. Use of the Google Maps API requires reconstructing the optimal route by the client using a local mapping database and displaying the optimal route on a display system coupled to the client. For example, the user's personal electronic device reconstructs the optimal route using locally-stored mapping information for display on the device using a display system such as a screen.

34. Thus, use of the Google Maps API infringes at least Claim 1 of the '743 Patent.

## FIRST CLAIM FOR RELIEF
**(Infringement of U.S. Patent No. 6,292,743)**

35. InfoGation incorporates the foregoing paragraphs as if fully set forth herein.

36. Google has made, used, sold, offered for sale, and/or imported one or more products or services incorporating the technology of the Google Maps API, and thereby directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '743 Patent. Google's infringement is ongoing.

37. Google has indirectly infringed the '743 Patent by inducing others to directly infringe the '743 Patent. For example, Google has induced developers and end-users to directly infringe (literally and/or under the doctrine of equivalents) the '743 Patents by making, using, selling, offering for sale, and/or importing one or more products or services incorporating the technology of the Google Maps API. Google has taken active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to make, use, sell, offer for sale, and/or import products or services incorporating the patented technology in a manner that infringes one or more claims of the '743 Patent. Such steps by Google have included, among other things, advising or directing customers and end-users to use the Google Maps API in an infringing manner; advertising and promoting the use of the technology of the Google Maps API in an infringing manner; and/or distributing instructions that guide users to use the Google Maps API in

an infringing manner. Google is performing these steps, which constitute induced infringement with the knowledge of the '743 Patent and with the knowledge that the induced acts constitute infringement. Google is aware that the normal and customary use of the Google Maps API would infringe the '743 Patent. Google's inducement is ongoing.

38.     Google has also indirectly infringed by contributing to the infringement of the '743 Patent. Google has contributed to the direct infringement of the '743 Patent by developers and end-users of products or services that incorporate the technology of the Google Maps API. The Google Maps API has features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '743 Patent. Google's contributory infringement is ongoing.

39.     Google has had knowledge of the '743 Patent since no later than October 7, 2016.

40.     Google's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Google.

41.     Google's direct and indirect infringement of the '743 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of InfoGation's rights under the '743 Patent.

42.     InfoGation has been damaged as a result of the infringing conduct by Google alleged above. Thus, Google is liable to InfoGation in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43.     InfoGation will continue to suffer damages and irreparable harm unless Google is restrained and enjoined by this Court, pursuant to 35 U.S.C. § 283, from further infringement of the '743 Patent.

**PRAYER FOR RELIEF**

InfoGation requests that the Court find in its favor and against Google, and that the Court grant InfoGation the following relief:

A. Judgment that one or more claims of the '743 Patent has been infringed, either literally and/or under the doctrine of equivalents, by Google;

B. A permanent injunction enjoining Google and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '743 Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '743 Patent by such entities;

C. Judgment that Google account for and pay to InfoGation all damages to and costs incurred by InfoGation because of Google's infringing activities and other conduct complained of herein, including an award of all increased damages to which InfoGation is entitled under 35 U.S.C. § 284;

D. That this Court declare this an exceptional case and award InfoGation its attorneys' fees and costs in accordance with 35 U.S.C. § 285;

E. Pre-judgment and post-judgment interest on the damages caused to it by reason of Google's infringing activities and other conduct complained of herein; and

F. Such other and further relief as the Court may deem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

      InfoGation hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  May 5, 2020

Respectfully submitted,

By: */s/ Michael C. Smith*
    Michael C. Smith (SBN 18650410)
    Siebman, Forrest, Burg & Smith LLP
    113 East Austin Street
    Marshall, TX  75670
    michaelsmith@siebman.com
    Telephone: 903-938-8900
    Facsimile: 972-767-4620

Robert R. Brunelli (Pending *pro hac vice*)
    rbrunelli@sheridanross.com
Patricia Y. Ho (Pending *pro hac vice*)
    pho@sheridanross.com
Matthew C. Holohan (Pending *pro hac vice*)
    mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone:     303-863-9700
Facsimile       303-863-0223
litigation@sheriddanross.com

*Attorneys for Plaintiff InfoGation Corporation*