**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| INFOGATION CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action No. 6:20-cv-0366-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

- i -

**TABLE OF CONTENTS**

                                                              **Page**

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND..........................................................................................1

III. LEGAL STANDARDS ...................................................................................................3

IV. ARGUMENT:  THE COURT SHOULD DISMISS THIS ACTION ..............................3

    A. InfoGation Cannot Plausibly Plead Direct Infringement By A Single Party...........3

    B. InfoGation Has Not Pled, And Cannot Plead, Joint Infringement..........................5

    C. There Is No Indirect Infringement Without Underlying Direct
Infringement..............................................................................................................6

V. CONCLUSION................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015) ................................................................................................ 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................. 3

*De la Vega v. Google LLC*,
  No. W-19-CV-00617-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) .................... 3, 4, 6

*Glory Licensing LLC v. United Airlines, Inc.,*
  No. 09-CV-5569, 2011 WL 13295205 (E.D.N.Y. Mar. 15, 2011) ........................................ 4, 6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................ 6

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016) ................................................................................................ 6

*WiNet Labs LLC v. Apple Inc.*,
  No. 5:19-cv-02248-EJD, 2020 WL 409012(N.D. Cal. Jan. 24, 2020) ....................................... 4

I.   **INTRODUCTION**

Plaintiff InfoGation's Complaint should be dismissed with prejudice because InfoGation has not plausibly alleged—and cannot plausibly allege—direct infringement by a single party.

InfoGation's Complaint asserts that Google and its open source Google Maps Application Programming Interface ("API") infringes method Claim 1 of U.S. Patent No. 6,292,743 ("'743 Patent").  Claim 1 requires two parties to infringe the claim's eight steps:  (1) a "client" performing four steps and (2) a "server" performing the other four steps.  InfoGation does not identify a single entity that performs all eight steps.  Nor could it in the context of the accused Google Maps API.  Although Google's servers support Maps API, Google has no involvement with the "client"-performed steps.  Instead, the Maps API is used by client software developed by third parties, and it runs on client devices owned by third-party end users and sold by third-party manufacturers.  Thus, no one entity is both the "client" and "server."  Further, InfoGation has not pled joint infringement.  Pleading such a theory would be futile in any event because Google does not direct or control how third parties use the Maps API.  Thus, InfoGation cannot plausibly allege direct infringement.

Because InfoGation cannot plausibly plead direct infringement, it also cannot plausibly plead indirect infringement, which requires an underlying act of direct infringement.  Thus, InfoGation's Complaint should be dismissed with prejudice.

II.   **FACTUAL BACKGROUND**

On May 5, 2020, InfoGation filed its Complaint initiating this action against Google and asserting method Claim 1 of the '743 Patent.  D.I. 1 at ¶¶24, 34.  Claim 1 recites eight steps, with four steps performed by a "**client**" (identified below in bold) and four steps performed by a "server":

> 1. A method for providing an optimal route using real-time information for a navigation system comprising a client and a server, said server coupled to a computer network, said method comprising the steps of:
> establishing a wireless connection between the client and the server;
> **transmitting start and end route designations from the <u>client</u> to the server**;
> accessing real-time information by the server;
> calculating the optimal route by the server, based on the real-time information and said start and end route designations;
> formatting the optimal route into a non-proprietary, natural language description;
> **downloading said non-proprietary, natural language description to the <u>client</u>**;
> **reconstructing the optimal route by the <u>client</u> using a local mapping database**; and
> **displaying said optimal route on a display system coupled to the <u>client</u>**.

'743 at Claim 1.

InfoGation asserts that Google infringes Claim 1 based on its provision of the Google Maps API, D.I. 1 at ¶12, which is an open source library of data and software tools that Google makes available to third parties who develop their own mapping software using the data and tools. InfoGation alleges that the "Google Maps API" and an "external server" perform certain method steps of "provid[ing] an optimal route," "access[ing] real-time information," and "calculat[ing] the optimal route." *Id*. at ¶¶25-26, 29-30. But for other method steps, InfoGation vaguely alleges that "**[u]se** of the Google Maps API" by an unspecified "client" or a "user's personal electronic device" performs those steps. *Id*. at ¶¶27-28, 31-33 (emphasis added). InfoGation concludes that the "**use** of the Google Maps API infringes" Claim 1. *Id*. at ¶34 (emphasis added).

InfoGation also pleads indirect infringement based on Google allegedly (1) "induc[ing] developers and end-users to directly infringe . . . by making, using, selling, offering for sale, and/or importing one or more products or services incorporating the technology of the Google Maps API" and (2) "contribut[ing] to the direct infringement of the '743 Patent by developers

and end-users of products or services that incorporate the technology of the Google Maps API." *Id.* at ¶¶37-38.

## III.  LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

## IV.  ARGUMENT:  THE COURT SHOULD DISMISS THIS ACTION

### A.  InfoGation Cannot Plausibly Plead Direct Infringement By A Single Party

InfoGation cannot plausibly accuse Google Maps API of directly infringing method Claim 1 of the '743 Patent because no single entity can either perform or control the performance of every step in the claim.  "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*).

Applying this principle in *De la Vega v. Google LLC*, this Court granted Google's Rule 12 motion to dismiss plaintiff's claims of direct infringement with prejudice where plaintiff alleged that Google performed all method steps while "also illogically contend[ing] that actors other than . . . Google perform some of the claim steps." No. W-19-CV-00617-ADA, 2020 WL 3528411, at *3-7 (W.D. Tex. Feb. 11, 2020).  The asserted method claim required three actors: (1) a user "[p]roviding real-time streaming image content output by a camera"; (2) a server host

"[p]resenting said real-time streaming image content . . . on a server homepage for selection"; and (3) another user "[s]electing said real-time streaming image content . . . for viewing in real-time over the Internet." *Id.* at *3-4. Yet plaintiff's complaint pled that Google alone performed all steps, which this Court found implausible. *Id.* Because the asserted claim on its face required multiple actors, this Court recognized that plaintiff could only proceed on a joint infringement theory; but the complaint alleged no facts to support joint infringement. *Id.* at *4. Accordingly, this Court dismissed plaintiff's allegations of direct infringement with prejudice. *Id.* at *7.

Like this Court in *De la Vega*, other courts have dismissed direct infringement allegations where the asserted method claim recited steps that could not be performed by a single party. In *WiNet Labs LLC v. Apple Inc.*, a court dismissed plaintiff allegations that "Defendant's software 'performs each step of the Claim 1'" because Claim 1 plainly required "some sort of user engagement" to perform certain steps. No. 5:19-cv-02248-EJD, 2020 WL 409012, at *4-5 (N.D. Cal. Jan. 24, 2020). Similarly, in *Glory Licensing LLC v. United Airlines*, *Inc.*, a court dismissed when the plaintiff alleged that "[defendant] infringes on its patent when, among other things, information is entered into a form document 'by a [defendant] customer' and extracted and transmitted to an application program operating on [d]efendant's web server." No. 09-CV-5569, 2011 WL 13295205, at *2 (E.D.N.Y. Mar. 15, 2011). The court concluded that the claim clearly recited steps performed by "multiple actors, (*i.e.*, defendant and a [defendant] customer to act as a 'user')," yet plaintiff's allegations accused only the defendant alone. *Id*.

Here, InfoGation's asserted method Claim 1 similarly requires multiple actors, (1) a "server" and (2) a "client," with each performing half of Claim 1's eight steps. In particular, the "client" performs the following four steps:

- "transmitting start and end route designations from the client to the server;"

- "downloading said non-proprietary, natural language description to the client;"
- "reconstructing the optimal route by the client using a local mapping database;" and
- "displaying said optimal route on a display system coupled to the client."

InfoGation has not pleaded, and cannot plead, any plausible facts to support that Google and the accused Google Maps API can be the claimed "client" that performs the steps recited above. InfoGation's Complaint implicitly recognizes this hole in its direct infringement theory, as it vaguely refers to a "client" or "user's personal electronic device" infringing based on their "**use** of the Google Maps API." *E.g.*, D.I. 1 at ¶¶27-28, 33-34. But a user's device belongs to the end user, not Google, and the device is manufactured and sold by third parties. And because InfoGation is accusing the open source Google Maps API—which third parties use to incorporate mapping data and features into their own software—the relevant software running on the user's "client" device is also developed and provided by third parties. In contrast to these "client"-based steps, InfoGation alleges that the Google Maps API is supported by a "server (hosted by Google)." D.I. 1 at ¶14.

Thus, the facts are materially identical to those in *De la Vega*, where Google was alleged to perform method steps at the "server" but could not possibly perform steps associated with users. Likewise, here in the context of Maps API, Google is alleged to perform the "server" steps but it could not possibly perform the four user or "client" steps of Claim 1. As a result, no single entity can possibly perform all of Claim 1's steps. The Court should thus dismiss with prejudice InfoGation's claim for direct infringement.

**B.    InfoGation Has Not Pled, And Cannot Plead, Joint Infringement**

Because Claim 1 requires multiple actors, InfoGation can only proceed on a direct infringement claim based on a joint infringement theory involving Google and some third party. But InfoGation has not pled any such joint infringement theory in its Complaint. In *De la Vega*,

this Court dismissed with prejudice because "this is a case of joint infringement" and yet the "Complaint fails to make even conclusory allegations of such direction, control, or joint enterprise," which are the legal elements to a joint infringement theory.  2020 WL 3528411, at *4.  The same outcome of dismissal with prejudice should apply here.

Indeed, InfoGation could not plausibly allege joint infringement based on the facts of this case.  This is because, among other things, Google does not direct or control third-party developers of software that make use of the open source Google Maps API or the third-party end users of "client" devices and the third-party companies that sell those devices.  *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1340 (Fed. Cir. 2016) (stating "on a direction or control theory of joint infringement . . . the Amended Complaint must plausibly allege that Defendants exercise the requisite 'direction or control' over the performance of the claim steps, such that performance of every step is attributable to Defendants").  In *Glory Licensing*, the court granted dismissal because "to adequately plead direct infringement [under a joint infringement theory], [plaintiff] would have needed to allege that [defendant] controlled its customers, **a dubious contention**." 2011 WL 13295205, at *2 (emphasis added).  Because it is an equally "dubious contention" that Google directs or controls any third parties with respect to the Google Maps API, any attempt by InfoGation to amend its Complaint to plead joint infringement should be denied as futile.

        **C.**        **There Is No Indirect Infringement Without Underlying Direct Infringement**

To support a claim for indirect infringement, a plaintiff must plead "facts sufficient to allow an inference that at least one direct infringer exists."  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).  Because InfoGation cannot plausibly allege an underlying act of direct infringement by any single entity, the Court should dismiss with prejudice InfoGation's claim for indirect infringement.

## V. CONCLUSION

The Court should dismiss InfoGation's Complaint with prejudice because InfoGation has not alleged, and cannot plausibly allege, either direct or indirect infringement.

Dated: August 6, 2020

Respectfully submitted,

By: */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: 903/657-8540
Facsimile: 903/657-6003

Darin W. Snyder (*pro hac vice*)
dsnyder@omm.com
David S. Almeling (*pro hac vice*)
dalmeling@omm.com
Mark Liang (*pro hac vice*)
mliang@omm.com
Bess Ibtisam Hanish (*pro hac vice*)
bhanish@omm.com
Daniel Silverman (*pro hac vice*)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

**ATTORNEYS FOR DEFENDANT
GOOGLE LLC**

- 8 -

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this August 6, 2020, with a copy of this document via electronic mail.

Dated: August 6, 2020                                         */s/ J. Mark Mann*                    
                                                                                    **J. Mark Mann**