# EXHIBIT 2

Brian E. Mitchell (SBN 190095)
Marcel F. De Armas (SBN 289282)
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3514
Facsimile: (415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

Edward A. Pennington (admitted *pro hac vice*)
John P. Moy (*pro hac vice* application to be filed)
Jennifer L. Feldman (admitted *pro hac vice*)
John P. Pennington (admitted *pro hac vice*)
SMITH, GAMBRELL & RUSSELL LLP
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Tel: (202) 263-4300
Fax: (202) 263-4329
epennington@sgrlaw.com
jmoy@sgrlaw.com
jfeldman@sgrlaw.com
jpennington@sgrlaw.com

*Attorneys for Defendant*
*INFOGATION CORP.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOGATION CORP., <br><br> Defendant. | Case No. C-16-05821 VC <br><br> **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** <br><br> Hon. Judge Vince Chhabria <br> Courtroom 4, 17th Floor <br><br> Date: January 5, 2017 <br> Time: 10:00 a.m. |

## I. INTRODUCTION

InfoGation, a small practicing entity based in San Diego, filed three complaints for patent infringement against smartphone manufacturers – ZTE, HTC, and Huawei – in the Southern District of California, InfoGation's home district. InfoGation accused the smartphone manufacturers of infringing claim 15 of its '743 patent based on their manufacture and sales of certain smartphone devices. The three related cases have been assigned to one judge and are on a fast track, scheduled to reach trial by this time next year.

Google bases the present declaratory judgment action solely on the presence of the patent infringement actions against ZTE, HTC, and Huawei ("Defendants") in the Southern District. InfoGation has not directed an affirmative act specifically at Google, and therefore, there is no actual controversy between Google and InfoGation, and no subject matter jurisdiction over this action. However, even if this Court finds subject matter jurisdiction, it should decline to exercise it under the first-to-file rule, allowing InfoGation's actions in the Southern District of California to proceed first. Contrary to Google's claims in its Opposition to InfoGation's Motion to Dismiss, the customer-suit exception to the first-to-file rule does not apply in this case, as Defendants are not "mere resellers" of the Google Map application, and instead are integrating Google Maps into their own devices, devices which perform multiple elements of the asserted claim. Accordingly, this Court should grant InfoGation's Motion to Dismiss.

## II. FACTUAL BACKGROUND

Substantial progress has been made in the lawsuits in the Southern District of California involving InfoGation, ZTE, HTC, and Huawei (the "First-Filed Actions"), which commenced on July 27, 2016. On November 18, 2016, that court held a telephonic case management conference. During this conference, when Huawei's counsel stated that Defendants intended to file motions to stay those cases pending the disposition of the present declaratory judgment action, Judge Huff of the Southern District of California indicated that such a motion was unlikely to be successful, noting that "the Court will consider the applicable standards, but generally I wouldn't be staying a case pending another case. We could go to trial with this schedule probably quite quickly. The Northern District is down several judges, as you know." (Ex. A, Nov. 18, 2016 Telephonic Case

CASE NO. C-16-05821 VC — - 1 - — DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Management Conference Tr. at 4). Following the case management conference, Judge Huff entered a scheduling order, with fact discovery closing June 30, 2017, and trial commencing December 5, 2017. (*See* Declaration of David Almeling in Support of Google's Opposition, Dkt. No. 23, Ex. 4 (Scheduling Order), at 13, 16). Pursuant to that scheduling order, InfoGation served its infringement contentions on Defendants on December 2, 2016. The deadline for Defendants to serve invalidity contentions is January 27, 2017. (*Id.* at 5).

In addition, the parties in the First-Filed Actions have moved forward with Alternative Dispute Resolution. They had a telephonic status conference with Magistrate Judge Jill J. Burkhardt on November 18, 2016, setting an Early Neutral Evaluation conference for February 9, 2017. (*See* Exhibit B, Order Setting Early Neutral Evaluation Conference).

### III. ARGUMENT

#### A. There is No "Actual Controversy" Between InfoGation and Google.

As set forth in InfoGation's Motion to Dismiss, this Court lacks subject matter jurisdiction over this action because there is no "actual controversy" between InfoGation and Google. 28 U.S.C. § 2201. Google has failed to show that InfoGation "engaged in affirmative acts directed specifically at the party seeking declaratory judgment." *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, No. 5:11-CV-02288-LHK, 2011 WL 4915847, *3 (N.D. Cal. Oct. 17, 2011) (internal citation omitted).

Rather than identify any "affirmative acts" that InfoGation directed "specifically at" Google – of which there are none – Google instead rests its argument for subject matter jurisdiction solely on the basis that InfoGation sued three smartphone device manufacturers that use software that Google provides. (Dkt. No. 22, Google's Opposition to Motion to Dismiss ("Opposition"), at 5) ("An 'actual controversy' supporting subject matter jurisdiction under the Declaratory Judgment Act exists here because InfoGation filed three infringement actions against Google's partners based entirely on the functionality of Google Maps ― an application developed and provided by Google, not its partners.").

However, InfoGation asserted a single patent claim of U.S. Patent No. 6,292,743 ("the '743 patent") against the smartphone device manufacturers, claim 15, which includes hardware-specific elements, and states:

> 15. A mobile navigation system comprising:
>
> a ***navigation computer***;
>
> a ***wireless transceiver*** coupled to said ***navigation computer*** for connecting with a navigation server, said navigation server for calculating optimal routes based on real-time information, said optimal routes being formatted using a non-proprietary, natural language description;
>
> a ***mapping database*** coupled to said ***navigation computer*** for reconstructing said optimal route from said non-proprietary, natural language description; and
>
> a ***display screen*** coupled to said ***navigation computer*** for displaying said optimal route using said mapping database.

(Motion to Dismiss, Dkt. No. 15, Ex. D (U.S. Patent No. 6,292,743), col. 17, lines 9-23) (emphasis added). This claim language includes a "navigation computer," a "wireless transceiver," and a "display screen," all of which are claim elements independent of the Google Maps application. (*Id.*).

Although Google's Opposition initially mischaracterized the complaints against the smartphone manufacturers as being "based entirely on the functionality of Google Maps" (Opposition at 5), Google later acknowledged that several claim limitations are directed to hardware components that are not supplied by Google. (Opposition at 7). Indeed, Google's partners have submitted declarations under oath indicating that Google is not involved in the process of incorporating Google Maps into the hardware components meeting several key claim limitations as set forth in InfoGation's infringement allegations. (*See* Declaration of David Almeling in Support of Google's Opposition, Dkt. No. 23, Exs. 1, 2, and 3, Defendants' Declarations in Support of their Motions to Stay in the Southern District of California). For example, in Exhibit 1, Huawei's declaration states that "Huawei installs Google Maps . . . on Huawei's Android-based smartphones." (*Id.* at Ex. 1).

The Federal Circuit has cautioned that direct infringement claims against a customer are not a sufficient basis for subject matter jurisdiction in a declaratory judgment action by a supplier. Indeed, in the *DataTern* case cited by Google, the Federal Circuit explicitly stated that "[t]o the extent that Appellees argue that they have a right to bring the declaratory judgment action solely because their customers have been sued for direct infringement, they are incorrect." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014). Instead, for subject matter jurisdiction to be based solely on InfoGation's complaints against the smartphone device manufacturers in the earlier-filed cases, those complaints must have asserted an infringement claim that could be brought against Google, in which Google was implicated in every limitation of the asserted claim. *Id.* at 905. In *DataTern*, the Federal Circuit found an actual controversy and, thus, declaratory judgment jurisdiction, only for those patent claims in which the supplier provided its customers with a product that was accused of infringing each claim element. *Id.* Thus, the Federal Circuit found jurisdiction, for example, when the patent owner's claim charts "cite[d] to [supplier]-provided user guides and documentation for each claim element," and showed that "[the supplier] provides its customers with the necessary components to infringe [the patents-in-suit]." *Id.* In contrast, the Court concluded that it lacked jurisdiction over patent claims where the charts cited to non-supplier "documentation for several key claim limitations." *Id.*

Similarly, in *Arris Group*, another case cited by Google in its Opposition, the defendant-patentee provided a 118-page presentation of infringement contentions to the plaintiff's customer that "explicitly and repeatedly singled out" the supplier's products to support infringement for all or nearly all of the numerous asserted claims. *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1376-78 (Fed. Cir. 2011).The supplier was also "directly and substantially" involved in licensing negotiations with the defendant and attended meetings and engaged in negotiations. *Id.* at 1378-79. These facts do not exist in this case.

In the *Straight Path* case, the Court's decision finding declaratory judgment subject matter jurisdiction was premised on the fact that the infringement contentions submitted by the declaratory judgment plaintiff "relie[d] on Amazon's provided material for each asserted claim element." *Amazon.com, Inc. v. Straight Path IP Grp. Inc*, No. 5:14-CV-04561-EJD, 2015 WL

3486494, at *6 (N.D. Cal. May 28, 2015). Google has offered no evidence or argument that Google relies on Google's material to support each asserted claim element. Moreover, the Court in the *Straight Path* case ultimately declined jurisdiction "in favor of Straight Path's case addressing similar issues in the Eastern District of Virginia because of judicial efficiency and economy." *Id.*

Finally, in the *Rockstar* case, on which Google relies heavily to support its jurisdictional argument, the declaratory judgment defendant not only sued Google's customers, but also engaged in licensing negotiations with Google (*Google Inc. v. Rockstar Consortium U.S. LP*, No. C 13-5933 CW, 2014 WL 1571807, at *4 (N.D. Cal. Apr. 17, 2014), motion to certify appeal denied, No. C 13-5933 CW, 2014 WL 4145506 (N.D. Cal. Aug. 20, 2014)). In addition, before the Court determined whether it had jurisdiction over Google's declaratory judgment action, the declaratory judgment defendant in *Rockstar* actually amended its complaint in the earlier-filed action to include accusations against Google for patent infringement. *Id.* at *2.

### B. The Court Should Decline Subject Matter Jurisdiction in This Case Under the "First-to-File" Rule.

In its Opposition, Google contends that the first-to-file rule is inapplicable for two reasons: 1) because Google was not sued in the first-filed suit; and 2) the customer-suit exception applies due to the inclusion of Google Maps in InfoGation's infringement allegations. *See* Google Inc.'s Opposition to Defendants' Motion to Dismiss, Dkt. No. 22 at 3. As described below, these arguments are unsupported by law or fact.

#### 1. Google's Absence From the First-Filed Actions Does Not Preclude the Application of the First-to-File Rule.

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). "The similar parties' requirement does not require 'exact identity,' but instead is satisfied if the parties are substantially similar." *Id.* (internal citations omitted).

The trial court may also "consider the 'convenience factors' found in a transfer analysis under 28 U.S.C. § 1404(a)." *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, No. 5:11-CV-02288-LHK, 2011 WL 4915847, at *6 (N.D. Cal. Oct. 17, 2011) (citing *Micron Tech., Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 902–03 (Fed. Cir. 2008)). Those factors include "the convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, possibility of consolidation with related litigation, or considerations relating to the interest of justice." *Id.* (citing *Micron Tech., Inc.* 518 F.3d at 904–05).

In *Proofpoint*, despite the fact that the first-to-file rule was not *"clearly"* applicable due to the Plaintiff's absence from the first-filed case, the court nevertheless found that the "focus on judicial efficiency that underlies the first-filed rule . . . plainly supports the Court's decision to decline jurisdiction." *Proofpoint*, 2011 WL 4915847 at *7. In reaching its decision to decline jurisdiction to promote judicial efficiency, the Court considered, among other facts, that: 1) the cases involved the same patent; 2) the defendants in the first-filed case were large multinational corporations represented by major law firms; and 3) the defendants filed claims of non-infringement and invalidity similar to those advanced by the Plaintiff. *Id.* at *7.[1] In the instant case, 1) both suits involve the '743 patent; 2) the defendants in the first-filed cases are all large multinational corporations represented by major law firms;[2] and 3) the defendants in the first-filed cases filed claims of non-infringement and invalidity similar to those advanced by Google. Moreover, the Court in the first-filed cases has already set a trial date that will commence within less than a year and has indicated that it was unlikely to stay the first-filed case pending the declaratory judgment action filed by Google.[3] The expediency with which the first-filed case will proceed, the similarity of the issues involved, and the likelihood of duplicative litigation should the instant case continue all weigh heavily in favor of declining jurisdiction under the first-filed rule.

---

[1] The Court also noted the first-filed case had already been pending for a year and that a claim construction ruling was pending. *See Proofpoint*, 2011 WL 4915847 at *7.

[2] Fish & Richardson P.C. is representing Defendants Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.; Vinson & Elkins LLP is representing Defendants HTC Corporation and HTC America, Inc.; and K&L Gates LLP is representing Defendant ZTE (USA) Inc.

[3] Exhibit A at 4.

CASE NO. C-16-05821 VC — - 6 - — DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Additional support for declining jurisdiction under the first-filed rule is found in the *WP Banquet* case, which was cited by Google in its Opposition. Citing *Proofpoint*, the Court in *WP Banquet* found that even though the manufacturer was not a named party to both cases, the "similar parties" requirement was met and application of the first-to-file rule was appropriate because: 1) the patent owner was a party to both cases: 2) the allegedly infringing products were made by the same manufacturer; and 3) three of the same patents were involved in each lawsuit. *WP Banquet, LLC v. Lowe's Companies, Inc.*, No. 2:16-cv-02137-CAS(GJSx), 2016 WL 4472933, at *3 (C.D. Cal. Aug. 24, 2016) (citing *Proofpoint* at *7). Similarly, in the present case, 1) InfoGation, the patent owner, is a party to all cases; 2) Google provides software that is involved in the allegedly infringing products in both cases; and 3) the same '743 patent is involved in each lawsuit.

For these reasons, to the extent that it finds subject matter jurisdiction over this action, the Court should decline jurisdiction pursuant to the first-to-file rule.

**2.    The Customer-Suit Exception Does Not Apply Because Defendants in the First-Filed Actions Are Not "Mere Resellers."**

In general, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). The "customer-suit" exception is applicable "where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). "[T]he primary question [in applying the customer-suit exception] is whether the issues and parties are such that the disposition of one case would be dispositive of the other." *Proofpoint*, 2011 WL 4915847 at *7 n.5 (citing *Katz v. Siegler*, 909 F.2d 1459, 1463 (Fed. Cir. 1990)). In the instant case, Defendants in the first-filed action are not merely end users or resellers, but rather they are manufacturers that choose to include the Google Maps application in their devices, and the devices meet key claim limitations of the asserted patent. *See* Motion to Dismiss, Dkt. No. 15, at Ex. A (Complaint

1 against ZTE Corporation and ZTE (USA), Inc.), Ex. B (Complaint against HTC), and Ex. C

2 (Complaint against Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.).

3       Google does provide a software component of the accused products. The asserted patent claim, though, specifically requires the presence of several hardware components manufactured by the Defendants in order to infringe. Moreover, it is the responsibility of Defendants to integrate Google's software component with Defendants' hardware components to create the accused products; the Defendants are not merely selling to consumers what they receive from Google. *See* Declaration of David Almeling in Support of Google's Opposition, Dkt. No. 23, Exs. 1, 2, and 3. (Defendants' Declarations in Support of their Motions to Stay in the Southern District of California). Finally, neither Google nor any Defendants in the first-filed actions has indicated that Defendants would agree to be bound by any determination of this Court, which would be necessary for efficiency and judicial economy. *See Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). Therefore, a determination of rights in this action would not resolve all charges against Defendants in the first-filed actions.

      The cases cited by Google to support its argument for the customer-suit exception are distinguishable from the present case. In *Nintendo*, for example, the customer defendants were mere resellers of the accused product and were not involved in the infringing activity other than to sell the accused product manufactured by Nintendo. *Secure Axcess, LLC v. Nintendo of Am. Inc.*, No. 2:13-CV-289-JRG, 2014 WL 986169, at *4 (E.D. Tex. Mar. 7, 2014), *vacated sub nom. In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) ("It is undisputed in this case that Nintendo is the sole manufacturer in the United States of the only accused product, the Nintendo DS systems, and sells it at wholesale to the Retailer Defendants.") Further, the retailers stipulated in that case that they would be bound by any determination rendered in a case against Nintendo. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).

      Similarly, in the *WP Banquet* case, the Court held that the customer-suit exception was applicable where the declaratory judgment plaintiff, Maxchief, manufactured allegedly infringing tables that were sold at a Lowe's hardware store location that served merely as a retailer that resold the tables. *WP Banquet*, 2016 WL 4472933, at *1. The *WP Banquet* case, which Google

avers is applicable, is exactly the type of case contemplated by the customer-suit exception and a perfect contradiction to the present case. Specifically, the customer-suit exception was applied because Lowe's was not involved other than to serve as a mere reseller of the infringing hardware. *Id.* at *4. To extend the Lowe's scenario to this case, Lowe's would have to receive a component of an infringing product from Maxchief, and then integrate that component into hardware that Lowe's manufactures, resulting in the creation of an infringing product that Lowe's would then sell to the public. On such facts, InfoGation submits that the Court in the WP Banquet case would have reached a different conclusion with respect to the customer-suit exception.

### 3. Judicial Economy Favors Dismissing Google's Declaratory Judgment Action.

InfoGation filed its Complaints in the Southern District of California precisely as it should. InfoGation limited its accusations of infringement to three Defendants, out of a potentially large pool of cellular phone manufacturers that might be infringing the '743 patent. *See* Motion to Dismiss, Dkt. No. 15, at Ex. A (Complaint against ZTE Corporation and ZTE (USA), Inc.), Ex. B (Complaint against HTC), and Ex. C (Complaint against Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.). InfoGation limited the asserted claims to one, claim 15, which is drawn to devices that Defendants manufacture. *Id.* Furthermore, InfoGation filed the complaints in InfoGation's home district, where InfoGation has always been located, rather than forum shopping. *Id.* These three actions have been assigned to a single judge in the Southern District of California as related cases, and have been set on a fast track, to reach trial by this time next year. *See* Declaration of David Almeling in Support of Google's Opposition, Dkt. No. 23, Ex. 4 (Scheduling Order), at 2.

As indicated in InfoGation's Motion to Dismiss, InfoGation informed Defendants that InfoGation would not oppose a motion by Google to intervene in the three properly-filed actions. Motion to Dismiss, Dkt. No. 15, at 6 & Ex. E. If Google's claims of an actual controversy are accurate, such an intervention is the proper way to challenge InfoGation's assertions of infringement.

## IV. CONCLUSION

For the foregoing reasons and the reasons stated in its Motion to Dismiss, InfoGation respectfully requests that this Court dismiss Google's Complaint for Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,292,743.

Dated: December 7, 2016    MITCHELL + COMPANY

By: */s/ Brian E. Mitchell*
Brian E. Mitchell (SBN 190095)
brian.mitchell@mcolawoffices.com
Marcel F. De Armas (SBN 289282)
mdearmas@mcolawoffices.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3514
Facsimile: (415) 402-0058

Edward A. Pennington *(admitted pro hac vice)*
epennington@sgrlaw.com
John P. Moy *(pro hac vice* application to be filed*)*
jmoy@sgrlaw.com
Jennifer L. Feldman *(admitted pro hac vice)*
jfeldman@sgrlaw.com
John P. Pennington *(admitted pro hac vice)*
jpennington@sgrlaw.com
SMITH, GAMBRELL & RUSSELL LLP
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Tel: (202) 263-4300
Fax: (202) 263-4329

*Attorneys for Defendant*
*INFOGATION CORP.*