# EXHIBIT 6

Edward A. Pennington (D.C. Bar No. 422006) (admitted *pro hac vice*)
  epennington@sgrlaw.com
John P. Moy (D.C. Bar No. 466908) (admitted *pro hac vice*)
  jmoy@sgrlaw.com
Sean T.C. Phelan (D.C. Bar No. 997681) (admitted *pro hac vice*)
  sphelan@sgrlaw.com
John P. Pennington (D.C. Bar No. 1018204) (admitted *pro hac vice*)
  jpennington@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL, LLP**
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Telephone: 202.263.4300
Facsimile: 202.263.4329

Michael L. Kirby (SBN 50895)
  mike@kirbyandkirbylaw.com
Heather W. Schallhorn (SBN 299760)
  heather@kirbyandkirbylaw.com
**KIRBY & KIRBY LLP**
501 West Broadway, Suite 1720
San Diego, California 92101
Telephone: 619.487.1500
Facsimile: 619.501.5733

**Attorneys for Plaintiff InfoGation Corp.**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOGATION CORP., | Case No.: 3:16-cv-01903-H-JLB |
| Plaintiff, | **INFOGATION'S INITIAL DISCLOSURES** |
| v. | |
| HUAWEI TECHNOLOGIES CO., LTD | |
| and | |
| HUAWEI DEVICE USA, INC., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(a)(1) and 26(e)(1)(A), Plaintiff InfoGation Corp. hereby submits its Initial Disclosures.

InfoGation makes these disclosures with the understanding that it may supplement or amend these disclosures in the future. These disclosures do not limit InfoGation's discovery in this case or waive InfoGation's right to object to the production of any particular document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevance, materiality, competency, undue burden, or any other valid objection to its discoverability or use as evidence. All of the disclosures set forth below are made subject to these qualifications.

Additionally, because the Court has not yet construed the claims of U.S. Patent No. 6,292,743 ("the '743 patent"), InfoGation's ability to disclose witnesses and evidence as part of these initial disclosures is limited accordingly. These initial disclosures are based on information currently available to InfoGation. InfoGation reserves the right to supplement its disclosures after further investigation and discovery in accordance with Fed. R. Civ. P. 26(e).

I. **Individuals likely to have discoverable information.**

The following individuals are likely to have discoverable information that InfoGation may use to support its claims:

| Name | Contact Information | Knowledge |
|---|---|---|
| Kent Pu | Mr. Pu may be contacted through counsel for InfoGation | Knowledge of the conception, reduction to practice, design, and development of the '743 patent and attempts to monetize the '743 patent |
| Dooyong Lee | Mr. Lee may be contacted through counsel for InfoGation | Knowledge of attempts to monetize the '743 patent |
| Hui Henry Li | Location unknown | Co-inventor of the '743 patent |

| Name | Contact Information | Knowledge |
|---|---|---|
| One or more expert witnesses | | InfoGation also anticipates relying on the opinions of one or more expert witnesses with regard to the issues of infringement, validity, and damages. InfoGation will identify and disclose the opinions of these experts in conformance with the Federal Rules of Civil Procedure and the Court's Scheduling Order. |
| Huawei Technologies Co., Ltd | Bantian, Longgang District, Shenzhen, Guangdong, 518129, People's Republic of China | Knowledge of the operation, manufacture, importation and sales of the accused products |
| Huawei Device USA, Inc. | 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024 | Knowledge of the operation, manufacture, importation and sales of the accused products |
| Huawei Device Co., Ltd. | On information and belief, Huawei Device Co., Ltd. may be contacted through Huawei's counsel | Knowledge of the operation, manufacture, importation and sales of the accused products |
| Huawei Device (Dongguan) Co. | On information and belief, Huawei Device (Dongguan) Co. may be contacted through Huawei's counsel | Knowledge of the operation, manufacture, importation and sales of the accused products |
| Google, Inc. | 1600 Amphitheatre Parkway, Mountain View, CA 94043<br><br>On information and belief, Google may be contacted through Google's counsel | Information concerning the Google Maps application |

In addition to the persons identified above, InfoGation identifies Huawei Technologies Co., Ltd, Huawei Device USA, Inc. (hereinafter collectively "Huawei" or "Defendants"), their officers, directors, and employees, and all persons with knowledge of the functionality of the accused infringing products; the design, development, and implementation of Defendants' product offerings; and infringement of the '743 patent. InfoGation also identifies all persons with knowledge of the business dealings and communications between Defendants and their customers and potential customers, revenue and profits from the sale or license of the accused infringing products, and other related financial information. InfoGation also notes that the following classes of persons may have discoverable information that InfoGation may use to support its claims: (1) persons who will be deposed during this lawsuit and persons identified during such depositions; (2) persons identified in the disclosures of the other parties in this lawsuit; and (3) any third party that may possess knowledge of the accused infringing products or some aspect thereof.

Moreover, while InfoGation may decide to retain one or more expert witnesses to testify on its behalf in this matter, at this juncture, InfoGation has not yet made a decision regarding testifying expert witnesses. InfoGation will disclose the identity of any testifying expert witnesses in accordance with the schedule set forth in Federal Rule of Civil Procedure 26(a)(2) and any applicable orders in this case.

InfoGation reserves the right to subpoena documents and testimony from any person identified by any party in this case or any related case as having knowledge of relevant facts. InfoGation also reserves the right to supplement the above chart of persons with relevant knowledge as this litigation progresses.

## II. **Relevant Documents**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), InfoGation preliminarily identifies the following categories of documents, electronically stored information, and tangible things that currently appear to be in InfoGation's possession, custody, or control that InfoGation

may use to support its claims (unless such use would likely be solely for impeachment based on information now known to InfoGation):

- Documents related to the '743 patent, including the prosecution history of the '743 patent and documents related to ownership of the '743 patent;
- Documents pertaining to Huawei's products and/or functionalities thereof and the making, using, selling, or offering for sale of those products;
- Documents pertaining to the injury suffered by InfoGation from Huawei's infringement. InfoGation will also make additional disclosures in accordance with the time limits set forth in the Court's Scheduling Order (Dkt. No. 39).

The above-listed documents are generally located at InfoGation's corporate headquarters at 12250 El Camino Real, Suite 116, San Diego, CA 92130, and/or at the offices of InfoGation's counsel of record at Smith, Gambrell & Russell, LLP, 1055 Thomas Jefferson St., N.W., Suite 400, Washington, D.C. 20007.

InfoGation's investigation into discoverable information that it may use to support its claims in this lawsuit is ongoing. InfoGation reserves the right to rely upon documents in support of its claims in addition to those categories that are listed hereinabove, including documents that are produced by Defendants and/or third parties during this lawsuit.

Some of the above-listed categories of documents may contain trade secrets or other confidential research, development or commercial information of InfoGation that is currently competitively sensitive. InfoGation will only produce such confidential documents under the terms of a Stipulated Protective Order. If any documents contain third-party confidential information, InfoGation will require the consent of such third parties before producing such documents. InfoGation reserves the right to object to the production of any documents described herein on any basis permitted under the Federal Rules of Evidence.

### III. Damages

InfoGation defers its disclosure of the computation of damages until the time for expert disclosures, when InfoGation will rely on one or more damages experts to provide an analysis of damages owed to InfoGation.

### IV. Insurance

InfoGation is currently unaware of any agreement with an insurance business which may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

DATED: February 23, 2017                    KIRBY & KIRBY LLP,

                                            By: /s/ *Michael L. Kirby*
                                                Michael L. Kirby
                                                Heather W. Schallhorn

                                            Attorneys for Plaintiff InfoGation Corp.

## PROOF OF SERVICE

***INFOGATION CORP. vs. HUAWEI TECHNOLOGIES CO., LTD.***
U.S. District Court, Southern District of California
Case No. 3:16-cv-01903-GPC-BGS

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 501 West Broadway, Suite 1720, San Diego, California 92101.

On February 23, 2017, at San Diego, California, I served the following document(s) described as:

**INFOGATION'S INITIAL DISCLOSURES**

Said documents were served on the parties to said action through counsel of record, as follows:

**SEE ATTACHED SERVICE LIST**

☒ **ELECTRONIC TRANSMISSION**: I filed the foregoing document with the Clerk of Court for the U.S. District Court, using the Electronic Case Filing ("ECF") system of the Court. The attorney listed above has consented to receive service by electronic means and is registered with the Court's ECF system and was served a "Notice of Electronic Filing" sent by ECF system.

☒ **BY MAIL:** I am readily familiar with our business practice for collecting, processing and mailing correspondence and pleadings with the United States Postal Service. Such correspondence and pleadings are deposited with the United States Postal Service on the same day that they are placed for mailing in the ordinary course of business. I sealed each envelope and, with the postage thereon fully prepaid, placed it for mailing in accord with our business' practice. (Federal Rules of Civil Procedure 5and 6, *et seq.*)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made

Executed on February 23, 2017 at San Diego, California.

*/s/ Julie Roland*
Julie Roland

{K&K02068238}                                    1

SERVICE LIST
Kirby & Kirby LLP
On behalf of Plaintiff
------------------
*INFOGATION CORP. vs. HUAWEI TECHNOLOGIES CO., LTD.*
U.S. District Court, Southern District of California
Case No. 3:16-cv-01903-GPC-BGS

| | |
|---|---|
| Jason W. Wolff, Esq.<br>Joanna M. Fuller, Esq.<br>Robert Yeh, Esq.<br>**FISH & RICHARDSON P.C.**<br>12390 El Camino Real<br>San Diego, CA 92130<br>Tel. (858) 678-5070<br>Fax: (858) 678-5099<br>Email: wolff@fr.com<br>jfuller@fr.com<br>ryeh@fr.com<br>ravelo@fr.com<br>mckenzie@fr.com,<br>standley@fr.com,<br>wilton@fr.com | **Attorneys for Defendants**<br>Huawei Device USA, Inc.<br>And<br>Huawei Technologies Co., Ltd. |
| Darin W. Snyder (S.B. #136003)<br>  dsnyder@omm.com<br>Luann L. Simmons (S.B. #203526)<br>  lsimmons@omm.com<br>David S. Almeling (S.B. #235449)<br>  dalmeling@omm.com<br>Mark Liang (S.B. #278487)<br>  mliang@omm.com<br>John X. Zhu (*admission pending*)<br>  jzhu@omm.com<br>**O'MELVENY & MYERS LLP**<br>Two Embarcadero Center, 28th Floor<br>San Francisco, California 94111<br>Telephone: (415) 984-8700<br>Facsimile: (415) 984-8701 | **Attorneys for Defendants**<br>Huawei Device USA, Inc.<br>And<br>Huawei Technologies Co., Ltd. |
| Mishima Alam (*admission pending*)<br>  malam@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Telephone: (202) 383-5300<br>Facsimile: (202) 383-5414 | **Attorneys for Defendants**<br>Huawei Device USA, Inc.<br>And<br>Huawei Technologies Co., Ltd. |

{K&K02068238}  2