# EXHIBIT 15

1   Brian E. Mitchell (SBN 190095)
    Marcel F. De Armas (SBN 289282)
2   MITCHELL + COMPANY
    4 Embarcadero Center, Suite 1400
3   San Francisco, CA 94111
    Telephone: (415) 766-3514
4   Facsimile: (415) 402-0058
    brian.mitchell@mcolawoffices.com
5   mdearmas@mcolawoffices.com

6   Edward A. Pennington *(pro hac vice* application to be filed*)*
    John P. Moy *(pro hac vice* application to be filed*)*
7   Sean T.C. Phelan *(pro hac vice* application to be filed*)*
    Jennifer L. Feldman *(pro hac vice* application to be filed*)*
8   John P. Pennington *(pro hac vice* application to be filed*)*
    SMITH, GAMBRELL & RUSSELL LLP
9   1055 Thomas Jefferson Street, N.W., Suite 400
    Washington, D.C. 20007
10  Tel: (202) 263-4300
    Fax: (202) 263-4329
11  epennington@sgrlaw.com
    jmoy@sgrlaw.com
12  sphelan@sgrlaw.com
    jfeldman@sgrlaw.com
13  jpennington@sgrlaw.com

14  *Attorneys for Defendant*
    *INFOGATION CORP.*
15

16              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
17                  SAN FRANCISCO DIVISION

18

19  | GOOGLE, INC.,        | Case No. C-16-05821 VC |
20  |                      |                        |
    | Plaintiff,           | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT** |
21  | v.                   |                        |
22  | INFOGATION CORP.,    | Hon. Judge Vince Chhabria |
    |                      | Courtroom 4, 17th Floor |
23  | Defendant.           |                        |
    |                      | Date:    January 5, 2016 |
24  |                      | Time:    10:00 am      |

25

26

27

28

**CASE NO. C-16-05821 VC**                                              **DEFENDANT'S MOTION TO DISMISS**

|   |   |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION TO DISMISS** |
| 2 | PLEASE TAKE NOTICE that on January 5, 2016, at 10:00 am, Defendant InfoGation |
| 3 | Corp. ("InfoGation") will and hereby does move to dismiss Plaintiff's Complaint for Declaratory |
| 4 | Judgment of Non-Infringement of U.S. Patent No. 6,292,743 (the "Complaint"). InfoGation's |
| 5 | Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(1) and is based on |
| 6 | this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and |
| 7 | other pleadings in support of the Motion, and all pleadings on file in this matter, and upon such |
| 8 | other matters as may be presented to the Court at the time of the hearing or otherwise. |
| 9 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 10 | **I.    INTRODUCTION** |
| 11 | Plaintiff Google, Inc.'s (hereinafter, "Google") declaratory judgment complaint should be |
| 12 | dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The Complaint is |
| 13 | devoid of any allegation that Defendant InfoGation Corp. ("InfoGation") has directed an |
| 14 | affirmative act at Google – a necessary requirement for declaratory judgment jurisdiction. |
| 15 | Instead, Google points to pending patent infringement actions in the Southern District of |
| 16 | California filed by InfoGation against three smartphone manufacturers, ZTE, HTC, and Huawei. |
| 17 | The mere existence of these actions, however, is insufficient to confer declaratory judgment |
| 18 | jurisdiction upon this Court. |
| 19 | Alternatively, even if this Court finds that the presence of the actions in the Southern |
| 20 | District serves as a sufficient factual basis for subject matter jurisdiction, it should nevertheless |
| 21 | grant InfoGation's Motion to Dismiss under the first-to-file rule of federal comity, which weighs |
| 22 | against acceptance of jurisdiction where an action involving substantially the same parties and |
| 23 | issues is already pending in another jurisdiction. Therefore, this Court should either dismiss this |
| 24 | case for lack of subject matter jurisdiction or decline to exercise such jurisdiction in the interest of |
| 25 | conserving judicial resources. |
| 26 | **II.    RELEVANT FACTS** |
| 27 | On July 27, 2016, InfoGation, which is headquartered in San Diego, California, filed |
| 28 | complaints for patent infringement against ZTE, HTC, and Huawei in U.S. District Court for the |

| CASE NO. C-16-05821 VC | - 1 - | DEFENDANT'S MOTION TO DISMISS |
|---|---|---|

Southern District of California, InfoGation's home forum. (*See* Exs. A, B, and C). Specifically, InfoGation accused ZTE, HTC, and Hauwei of making, using, selling, offering for sale, and/or importing into the United States ***smartphone devices*** that infringe claim 15 of U.S. Patent No. 6,292,743 ("the '743 patent"). (Ex. A, ¶ 21; Ex. B, ¶ 21; Ex. C, ¶ 21). Claim 15 of the '743 patent states as follows:

> 15. A mobile navigation system comprising:
>
> a navigation computer;
>
> a wireless transceiver coupled to said navigation computer for connecting with a navigation server, said navigation server for calculating optimal routes based on real-time information, said optimal routes being formatted using a non-proprietary, natural language description;
>
> a mapping database coupled to said navigation computer for reconstructing said optimal route from said non-proprietary, natural language description; and
>
> a display screen coupled to said navigation computer for displaying said optimal route using said mapping database.

(Ex. D, col. 17, lines 9-23).

All three Southern District actions have been assigned to the same judge, The Honorable Marilyn L. Huff, pursuant to the "Low Number Rule," Southern District of California Local Rule 40.1(e), which requires that cases involving the same patent be assigned to a single judge in order to reduce substantial duplication of labor. Each of the defendants has answered the complaint and served counterclaims in their respective cases. Google, however, is not a defendant in any of the Southern District actions. Google does not allege that InfoGation engaged in any affirmative acts directed specifically at Google. Rather, the existence of the Southern District actions against ZTE, HTC, and Huawei forms the sole basis for Google's Complaint in the instant action. (*See* Compl., ¶¶ 12-16).

### III. RELEVANT LEGAL STANDARDS

#### A. Subject Matter Jurisdiction in Declaratory Judgment Actions

Pursuant to the Declaratory Judgment Act, "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration," where "a case of actual controversy [is] within its jurisdiction." 28 U.S.C. § 2201. "[T]he phrase 'case of

1  actual controversy' in the Act refers to the type of 'Cases' or 'Controversies' that are justiciable
2  under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The act
3  provides that "[j]urisdiction is proper only where 'the facts alleged under all circumstances, show
4  that there is a substantial controversy, between parties having adverse legal interests, of sufficient
5  immediacy and reality to warrant the issuance of a declaratory judgment.'" *Proofpoint, Inc. v.
6  InNova Patent Licensing, LLC*, No. 5:11-CV-02288-LHK, 2011 WL 4915847, *2 (N.D. Cal. Oct.
7  17, 2011) (quoting *MedImmune*, 549 U.S. at 127). "[T]o establish an 'actual controversy' based
8  on enforcement activity by a patentee, the pleadings must show that the patentee engaged in
9  affirmative acts directed specifically at the party seeking declaratory judgment." *Proofpoint*, 2011
10 WL 4915847 at *3 (citation omitted).
11       A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges the subject matter
12 jurisdiction of the Court. Lack of jurisdiction is presumed; the plaintiff bears the burden of
13 demonstrating that the Court has jurisdiction to adjudicate the matter. *Kokkonen v. Guardian Life
14 Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss should be granted when the
15 Complaint, "considered in its entirety, on its face fails to allege facts sufficient to establish subject
16 matter jurisdiction." *Proofpoint*, 2011 WL 4915847 at *1 (citing *Savage v. Glendale Union High
17 Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).
18       **B.      The First-to-File Rule**
19       The first-to-file rule is a "generally recognized doctrine of federal comity which permits a
20 district court to decline jurisdiction over an action when a complaint involving the same parties
21 and issues has already been filed in another district." *Pacesetter Sys, Inc. v. Medtronic, Inc.* 678
22 F.2d 93, 94-95 (9th Cir. 1982). "There is a strong presumption across the federal circuits that
23 favors the forum of the first-filed suit under the first-filed rule." *Beauperthuy v. 24 Hour Fitness
24 USA, Inc.*, No. 06-0715-SC, 2012 WL 3757486, at *10 (N.D. Cal. July 5, 2012) (quoting *Church
25 of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) (overruled
26 on other grounds by *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, No. 13-17131, 2016
27 WL 4578362 (9th Cir. Sept. 2, 2016)). "The doctrine is designed to avoid placing an unnecessary
28 burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."

CASE NO. C-16-05821 VC                        - 3 -                    DEFENDANT'S MOTION TO DISMISS

*Church of Scientology,* 611 F.2d at 750. "The rule 'should not be disregarded lightly.'" *Interactive Fitness Holdings, LLC v. ICON Health & Fitness, Inc.*, No. 10-CV-04628-LHK, 2011 WL 1302633, *2 (N.D. Cal. Apr. 5, 2011) (quoting *Alltrade, Inc. v. Uniwield Prods., Inc.* 946 F.2d 622, 625 (9th Cir. 1991)).

## IV.  ARGUMENT

There is no "actual controversy" between InfoGation and Google as required by the Declaratory Judgment Act, as InfoGation has not engaged in any affirmative acts directed toward Google. Further, even if declaratory judgment jurisdiction existed, the first-to-file rule militates against this Court accepting jurisdiction when a complaint involving substantially the same parties and issues has already been filed in another court.

### A.  This Court Does Not Have Subject Matter Jurisdiction Over the Cause of Action Asserted in Google's Declaratory Judgment Complaint

A declaratory judgment complainant bears the burden of demonstrating the existence of an actual controversy. *Kokkonen*, 511 U.S. at 377; *Proofpoint*, 2011 WL 4915847 at *1. Google's Complaint does not establish an "actual controversy" between Google and InfoGation, as it has not alleged that InfoGation directed any affirmative acts specifically at Google.

The *Proofpoint* case is instructive here. In that case, InNova, the owner of a patent pertaining to e-mail spam filtering, filed patent infringement suits against twenty-nine defendants in the Eastern District of Texas. *Id.* at *1. Ten of these defendants were suppliers of e-mail security products and services, and the remaining nineteen defendants were customers of those suppliers. *Id.* Proofpoint, a supplier of e-mail security products, was not a named defendant in any of the Eastern District of Texas actions, but three of its customers who were accused of infringement for using Proofpoint products were named as defendants. *Id.* Proofpoint subsequently filed a declaratory judgment action against InNova in the Northern District of California. *Id.*

In dismissing Proofpoint's declaratory judgment action, Judge Koh noted that Proofpoint failed to allege that InNova engaged in any affirmative acts directed at Proofpoint. "In order to establish an 'actual controversy' based on enforcement activity by a patentee, the pleadings must

1 show that the patentee engaged in affirmative acts directed specifically at the party seeking
2 declaratory judgment." *Proofpoint*, 2011 WL 4915847 at *3. Judge Koh specifically noted the
3 following:

> Here, Proofpoint has not asserted that it had *any* contact with InNova prior to bringing suit. The complaint does not indicate that InNova claimed a right to a royalty from Proofpoint, sent Proofpoint a cease-and-desist letter, or communicated with Proofpoint's employees. Simply put, Proofpoint does not allege that InNova engaged in any "affirmative act" related to the enforcement of the #761 Patent that was directed at Proofpoint.

*Id*. at *3.

9   Similarly, Google's Complaint is devoid of any allegations that that InfoGation engaged
10 in even a *single* affirmative act directed specifically at Google. Google does not allege that
11 InfoGation directed any cease-and-desist letters, royalty requests, or licensing proposals to
12 Google. Nor does Google allege that InfoGation threatened it with litigation. Indeed, like
13 Proofpoint, Google does not allege that InfoGation made any contact with it whatsoever before it
14 filed its declaratory judgment complaint.
15   Instead, the Complaint is based solely on the presence of the patent infringement
16 complaints filed by InfoGation in the Southern District of California against ZTE, HTC, and
17 Huawei. These complaints allege that claim 15 of the '743 patent is infringed by **smartphone**
18 **devices** manufactured and/or sold by ZTE, HTC, and Huawei. Such allegations, directed to ZTE,
19 HTC, and Huawei, do not constitute affirmative acts directed *at Google* and do not alone establish
20 the existence of an "actual controversy" between InfoGation and Google. *See Proofpoint*, 2011
21 WL 4915847 at *3-5. Accordingly, Google's Complaint should be dismissed pursuant to Federal
22 Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

   **B.   Even If Subject Matter Jurisdiction is Present, The Court Should Dismiss This Action Under the First-to-File Rule**

25   Assuming, *arguendo*, that the Court finds that subject matter jurisdiction of this action is
26 proper, the Court should nevertheless decline jurisdiction over the instant action pursuant to the
27 first-to-file rule. The Declaratory Judgment Act provides courts with discretion to decline
28 jurisdiction over declaratory judgment claims. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287

CASE NO. C-16-05821 VC                        - 5 -                      DEFENDANT'S MOTION TO DISMISS

1  (1995). "Courts routinely do so under the 'first-to-file' rule, the 'generally recognized doctrine of

2  federal comity which permits a district court to decline jurisdiction over an action when a

3  complaint involving the same parties and issues has already been filed in another district.'" *Cisco*

4  *Sys. v. TiVo, Inc.*, No. C 12-02766 RS, 2012 WL 3279532, *3 (N.D. Cal. Aug. 10, 2012) (quoting

5  *Pacesetter*, 678 F.2d at 94-95). "This rule promotes judicial efficiency and prevents the risk of

6  inconsistent decisions that would arise from multiple litigations of identical claims. Accordingly,

7  it 'should not be disregarded lightly.'" *Interactive Fitness Holdings*, 2011 WL 1302633, at *2.

8      "In applying the rule, courts focus primarily on the chronology of the filings, the identity

9  of the parties, and whether the issues presented in the successive actions 'substantially overlap.'"

10  *Cisco Sys.*, 2012 WL 3279532, at *3 (citing *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,

11  544 F. Supp. 2d 949, 957-58 (N.D. Cal. 2008)). There is no dispute that the Southern District

12  actions were filed prior to the instant action, and the remaining factors – identity of the parties

13  and substantial overlap of issues – dictate that the Court should apply the first-to-file rule and

14  decline jurisdiction over this action.

15      Regarding the identity of the parties, although Google is not a named defendant in any of

16  the Southern District actions, the first-to-file rule does not require exact identity of the parties. *See*

17  *Cisco Sys.,* 2012 WL 3279532, at *4 (citing *Intersearch Worldwide*, 544 F. Supp. 2d at 959 n.6).

18  Rather, courts focus on judicial efficiency in analyzing the similarity of the parties. Here, Google

19  itself claims to stand in the position of the defendants in the Southern District actions when it

20  seeks a declaration from this Court that its "partners" – including ZTE, HTC, and Huawei – do

21  not infringe the '743 patent. (*See* Compl., ¶ 24 & Prayer for Relief ¶ A). InfoGation has informed

22  ZTE, HTC, and Huawei that it would not oppose a motion by Google to intervene in the Southern

23  District actions. (Ex. E). Thus, Google would not be prejudiced by litigating in the first-filed

24  actions.

25      As for substantial overlap of issues, that factor is clearly established here. To invoke the

26  first-to-file rule, the two pending suits must be so duplicative or involve substantially similar

27  issues that one court should decide the issues. *Intersearch Worldwide*, 544 F. Supp. 2d at 959-60.

28  The issue raised in Google's complaint here – whether its Google Maps service infringes the '743

1  patent – is clearly encompassed by the Southern District actions, which will determine whether
2  the accused ZTE, HTC, and Huawei smartphones, when using the Google Maps service, serve as
3  a navigation computer that infringes the '743 patent.

4      The *Proofpoint* case is again instructive. There, Judge Koh found that declaratory
5  judgment jurisdiction was not present, but that even if jurisdiction might be proper, it would be
6  prudent for the court to decline jurisdiction under the first-to-file rule. *Proofpoint*, 2011 WL
7  4915847 at *6. The Court noted that although Proofpoint was not a party to the earlier-filed
8  action, given the involvement of the same patent and the substantial similarity of issues in the two
9  cases, judicial efficiency dictated that declaratory judgment jurisdiction should be declined. *Id.* at
10 *7. This Court should arrive at the same result. Even if Google could meet its burden of
11 establishing subject matter jurisdiction, because the considerations behind the first-to-file rule are
12 met, the Court should dismiss this action.

13 **V.  CONCLUSION**

14     For the foregoing reasons, InfoGation respectfully requests that this Court dismiss
15 Google's Complaint for Declaratory Judgment of U.S. Patent No. 6,292,743.

17 Dated: November 9, 2016            MITCHELL + COMPANY

18                                               By: */s/ Brian E. Mitchell*
                                                    Brian E. Mitchell (State Bar No. 190095)

Brian E. Mitchell (SBN 190095)
brian.mitchell@mcolawoffices.com
Marcel F. De Armas (SBN 289282)
mdearmas@mcolawoffices.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3514
Facsimile: (415) 402-0058

Attorneys for Defendant
INFOGATION CORP.

CASE NO. C-16-05821 VC            - 7 -            DEFENDANT'S MOTION TO DISMISS