# EXHIBIT 18

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> ZTE CORPORATION; ZTE (USA), INC., <br><br> Defendants. | Case No.: 16-cv-01901-H-JLB <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STAY WITHOUT PREJUDICE** <br><br> [Doc. No. 30.] |
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION; HTC AMERICA, INC., <br><br> Defendants. | Case No.: 16-cv-01902-H-JLB <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STAY WITHOUT PREJUDICE** <br><br> [Doc. No. 38.] |

1

| | |
|---|---|
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD.; HUAWEI DEVICE USA, INC., <br><br> Defendants. | Case No.: 16-cv-01903-H-JLB <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STAY WITHOUT PREJUDICE** <br><br> [Doc. No. 30.] |

On November 21, 2016, Defendants ZTE (USA), Inc.,[1] HTC,[2] and Huawei,[3] each filed a motion to stay Plaintiff InfoGation Corp.'s patent infringement action. (16-cv-1901-Doc. No. 30; 16-cv-1902-Doc. No. 38; 16-cv-1903-Doc. No. 30.) On December 13, 2016, Plaintiff filed a response in opposition to Defendants' motions. (16-cv-1901-Doc. No. 37; 16-cv-1902-Doc. No. 44; 16-cv-1903-Doc. No. 36.) On December 20, 2016, Defendants filed their replies. (16-cv-1901-Doc. No. 38; 16-cv-1902-Doc. No. 45; 16-cv-1903-Doc. No. 37.) A hearing on the matter is currently scheduled for Tuesday, December 27, 2016 at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motions on the parties' papers, and vacates the hearing. For the reasons below, the Court denies Defendants' motions to stay without prejudice.

///
///
///

---

[1] Defendant ZTE Corporation was dismissed from the action on October 11, 2016. (16-cv-1901-Doc. No. 21.)

[2] Defendant "HTC" includes HTC Corporation and HTC America, Inc.

[3] Defendant "Huawei" includes Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.

2

16-cv-01901-H-JLB

## Background

On July 27, 2016, Plaintiff InfoGation Corp. filed three separate complaints for patent infringement against Defendants ZTE, HTC, and Huawei, alleging infringement of U.S. Patent No. 6,292,743. (16-cv-1901-Doc. No. 1; 16-cv-1902-Doc. No. 2; 16-cv-1903-Doc. No. 1.) Specifically, Plaintiff alleges that Defendants' smartphones, which run the Android operating system and can connect to a Google Maps navigation server through a wireless carrier's network data, infringe, either literally or through the doctrine of equivalents, claim 15 of the '743 patent. (Id.)

The '743 patent is entitled "Mobile Navigation System" and "relates generally to mobile navigation system and apparatus, and more particularly to a distributed navigation system having a wireless connection to a server for calculating optimal routes using real-time data." U.S. Patent No. 6,292,743, at 1:5-8. Independent claim 15 of the '743 patent claims:

> A mobile navigation system comprising:
>
> a navigation computer;
>
> a wireless transceiver coupled to said navigation computer for connecting with a navigation server, said navigation server for calculating optimal routes based on real-time information, said optimal routes being formatted using a non-proprietary, natural language description;
>
> a mapping database coupled to said navigation computer for reconstructing said optimal route from said non-proprietary, natural language description; and
>
> a display screen coupled to said navigation computer for displaying said optimal route using said mapping database.

Id. at 17:9-23.

On October 7, 2016, Google Inc. filed a declaratory judgment action in the Northern District of California against InfoGation seeking a declaratory judgment "that

3

16-cv-01901-H-JLB

Google Maps and any devices from Google's partners (including HTC, ZTE, and Huawei) running Google Maps on the Android platform do not infringe the '743 Patent." (16-cv-1901-Doc. No. 37-1, Ex. A ¶ 24.) In the DJ complaint, Google alleges that a justiciable controversy between Google and InfoGation exists because "InfoGation's allegations [in the complaints filed in the Southern District of California] are premised entirely on purported functionality of the Google Maps application on the Android platform ─ an application that is not developed by HTC, ZTE, and Huawei, but by Google, which is based in the Northern District of California."[4] (Id. ¶ 1.)

On November 1, 2016, Defendants each filed an answer and counterclaims. (16-cv-1901-Doc. No. 22; 16-cv-1902-Doc. No. 21; 16-cv-1903-Doc. No. 22.) On November 22, 2016, the Court issued a scheduling order for the three actions setting forth all dates leading up to trial and scheduling a trial date of December 5, 2017 at 9:00 a.m. (16-cv-1901-Doc. No. 31; 16-cv-1902-Doc. No. 39; 16-cv-1903-Doc. No. 31.) By the present motions, Defendants move to stay each of the present Southern District of California actions pending resolution of later-filed Google declaratory judgment action pending in the Northern District of California – Google Inc. v. InfoGation Corp., No. 3:16-cv-05821-VC (N.D. Cal., filed Oct. 7, 2016). (16-cv-1901-Doc. No. 30-2; 16-cv-1902-Doc. No. 38-2; 16-cv-1903-Doc. No. 30-1.)[5]

///
///

---

[4] On November 9, 2016, InfoGation filed in the Google action a motion to dismiss Google's DJ complaint for lack of jurisdiction. (16-cv-1901-Doc. No. 37-2, Ex. B.) That motion is currently pending before the Northern District of California court.

[5] The Defendants filed substantively identical briefs across the three cases in support of their motions to stay. (See 16-cv-1901-Doc. Nos. 30-2, 38; 16-cv-1902-Doc. Nos. 38-2, 45; 16-cv-1903-Doc. Nos. 30-1, 37.) Accordingly, in analyzing Defendants' motions to stay, the Court will primarily cite to the briefing in Case No. 16-cv-1901 and only cite to the filings in the other cases when necessary.

4

**Discussion**

**I. Legal Standards for Motion to Stay**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "'the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.'" Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id.; see also Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) ("In determining whether to stay proceedings, the Court considers the following factors: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party.").

"The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 708. "'[I]f there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" Lockyer, 398 F.3d at 1112 (quoting Landis, 299 U.S. at 255). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Landis, 299 U.S. at 255.

**II. Analysis**

Defendants argue that a stay of the claims against them pending resolution of the Google action is appropriate under the customer-suit exception. (16-cv-1901-Doc. No. 30-

2 at 6-12.)  The customer-suit exception is an exception to the first-to-file rule.[6]  See In re Nintendo of Am., Inc., 756 F.3d 1363, 1365 (Fed. Cir. 2014).  Under the customer-suit exception, "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take[s] precedence."  Id.; see Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.").

"The customer suit exception 'is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse.'"  Spread Spectrum Screening LLC v. Eastman Kodak Co., 657 F.3d 1349, 1357 (Fed. Cir. 2011).  The exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute," thereby facilitating a "just, convenient, efficient, and less expensive determination."  Nintendo, 756 F.3d at 1365; see also Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys., 458 F.3d 1335, 1343 (Fed. Cir. 2006) ("[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy.").  Generally, "courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum."  Spread Spectrum, 657 F.3d at 1357.

InfoGation argues that the customer-suit exception does not apply to the present actions because Defendants are the manufacturers of the accused products, not merely end

---

[6] "The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1299 (Fed. Cir. 2012). Under the rule, "a district court may choose to stay, transfer, or dismiss a duplicative later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied." Id.

users or resellers. (16-cv-1901-Doc. No. 37 at 14.) The Court agrees. In the complaints, Plaintiff accuses various smartphones of infringing the '743 patent. (16-cv-1901-Doc. No. 1 ¶ 14; 16-cv-1902-Doc. No. 1 ¶ 14; 16-cv-1903-Doc. No. 1 ¶ 14.) Defendants are the designers and manufacturers of these accused products, not Google. (16-cv-1901-Doc. No. 30-2 at 2; see also 16-cv-1901-Doc. No. 1 ¶ 21; 16-cv-1902-Doc. No. 1 ¶ 21; 16-cv-1903-Doc. No. 1 ¶ 21.) Indeed, in Google's complaint for declaratory judgment filed in the Northern District of California, Google refers to the Defendants as "partners," not customers. (See, e.g., 16-cv-1901-Doc. No. 37-1, Ex. A ¶ 1; Doc. No. 37-3, Ex. C at 15.) Accordingly, because Defendants are manufacturers of the accused products rather than customers, the customer-suit exception is inapplicable.

Moreover, even assuming Defendants are "customers," the customer-suit exception is inapplicable where the issues of infringement as to the manufacturer and the customer are "not entirely common," for example, where proof of infringement by the manufacturer would not necessarily establish infringement by the customer. Erfindergemeinschaft Uropep., 2016 WL 1659924, at *3; see also Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081-82 (Fed. Cir. 1989) (explaining that the customer-suit exception only applies where the action against the manufacturer would resolve "all charges against the customers in the stayed suit, including liability for damages"); Proofpoint, Inc. v. InNova Patent Licensing, LLC, No. 5:11-CV-02288-LHK, 2011 WL 4915847, at *7 (N.D. Cal. Oct. 17, 2011) ("In evaluating the customer-suit exception, 'the primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other.'" (quoting Katz, 909 F.3d at 1463)). InfoGation argues that while Google provides software to the Defendants related to some of the limitations in the asserted claim, Google does not provide the hardware components necessary to meet all of the limitations in asserted claim 15 of the '743 patent, such as the "navigation computer," "wireless transceiver," or "display screen" limitations. (16-cv-1901-Doc. No. 37 at 14 (citing Doc. No. 37-3, Ex. C at 7).)

InfoGation argues, therefore, that although the Google action has the potential to resolve some of the infringement issues in the present three actions, it would not resolve all of them. (Id. at 14.) The Court agrees.[7] In addition, InfoGation notes that its claims against the Defendants in the present actions will potentially involve a different measure of damages as it is seeking to recover lost profits in these actions.[8] (16-cv-1901-Doc. No. 37 at 16-18.) In sum, Defendants have failed to establish that the customer-suit exception applies to the present actions.[9]

Moreover, a review of the traditional stay factors shows that they do not weigh in favor of a stay. Staying the present actions pending resolution of the Google action would result in inefficiencies. The three actions that are pending in this Court were the first filed

---

[7] Indeed, in their reply briefs, Defendants appear to concede that the Google action will not resolve all of the infringement issues in the present actions as Defendants argue that the Google action will resolve all "major" infringement issues, not that it will resolve any and all infringement issues in these actions. (16-cv-1901-Doc. No. 38 at 6.)

[8] In response, Defendants argue that InfoGation cannot show that it is entitled to lost profits. (16-cv-1901-Doc. No. 38 at 10.) But the Court is unable to resolve this issue at this stage in the litigation.

[9] The Court does not find persuasive Defendants' reliance on In re Google Inc., 588 F. App'x 988 (Fed. Cir. 2014). Aside from being an unpublished non-precedential decision, in the situation that was before the Federal Circuit in Google, Google was a party to and was accused of infringement in both of the venues at issue – the Northern District of California and the Eastern District of Texas. See id. at 989. In contrast, here, Google is only a party to the Northern District of California action, and InfoGation has not filed a counterclaim for infringement against Google in that action. In addition, in the Google decision, the Eastern District of Texas was not the patentee's home forum. In contrast, here, the Southern District of California is InfoGation's home forum. (See Doc. No. 37 at 1; Doc. No. 37-8, K.Q.P. Decl. ¶ 3.)

The Court also does not find persuasive Defendants' reliance on Select Retrieval, LLC v. L.L. Bean, Inc., No. 2:12-CV-00003-NT, 2013 WL 1099754 (D. Me. Mar. 15, 2013). That case is distinguishable from the present actions as that case involved a method claim rather than a system claim. See id. at *5. In addition, in Select Retrieval, there was an indemnification agreement between Adobe, the software provider, and L.L. Bean, the accused infringer. See id. ("Adobe's agreement to indemnify L.L. Bean obviates any need for L.L. Bean to agree to be bound by the California Suit."). Defendants have failed to show that a similar indemnification agreement exists between Defendants and Google.

actions and already have a full case management schedule with a trial scheduled to begin in less than a year. The <u>Google</u> action was filed over two months later and has not yet received a scheduling order or trial date, meaning that any overlapping infringement issues would like be resolved in the Southern District of California actions first.[10] Further, because the resolution of the infringement issues in the Northern District of California action would not necessary resolve all of the infringement issues in the three present actions, the present actions would still likely need to proceed regardless of the outcome of the <u>Google</u> action. In that scenario, a stay would unnecessarily delay the outcome of the three actions that are pending before this Court. Therefore, there is the potential for the requested stay to complicate and delay the proceedings rather than simplify them.

In addition, in the event that the <u>Google</u> action is not dispositive of the present three actions, InfoGation would be prejudiced by the unnecessary delay in it being prevented from proceeding on its claims against the Defendants in its home forum. Further, Defendants will suffer little if any hardship from the denial of a stay. Defendants have not identified any meaningful hardship that would result from the denial of a stay beyond having to defend against InfoGation's claims in these actions, which is insufficient by itself to justify a stay. <u>See</u> <u>Lockyer</u>, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of <u>Landis</u>."); <u>FormFactor, Inc. v. Micronics Japan Co.</u>, No. CV-06-07159 JSW, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008) ("The hardship related to defending a lawsuit is irrelevant when considering whether to grant a stay."). Accordingly, exercising its sound discretion, the Court declines to stay the present actions against Defendants ZTE, HTC, and Huawei at this time.

---

[10] Defendants state in their reply briefs that InfoGation and Google are currently negotiating a schedule that could set a trial date for the <u>Google</u> action as far out as June 2018. (16-cv-901-Doc. No. 38 at 7.)

9

16-cv-01901-H-JLB

## Conclusion

For the reasons above, the Court denies Defendants ZTE, HTC, and Huawei's motion to stay without prejudice.

**IT IS SO ORDERED.**

DATED: December 21, 2016

                        MARILYN L. HUFF, District Judge
                        UNITED STATES DISTRICT COURT