# EXHIBIT 20



O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823

T: +1 415 984 8700
F: +1 415 984 8701
omm.com

File Number: 734,315-00038

May 11, 2017

**David Almeling**
D: +1 415 984 8959
dalmeling@omm.com

Ed Pennington
   epennington@sgrlaw.com
John Pennington
   jpennington@sgrlaw.com
Smith Gambrell & Russell LLP
1055 Thomas Jefferson St. NW, Suite 400
Washington, D.C. 20007

**VIA EMAIL**

**Re:**    InfoGation litigations — '743 Patent

Dear Ed and John:

On behalf of Defendants Huawei, HTC, and ZTE, we write regarding the status of InfoGation's infringement allegations for the '743 Patent after the Court's May 5, 2017 claim construction order.

First, InfoGation lacked a viable infringement theory even before the Court's claim construction order, given that the patent recites "natural language." Your infringement allegations are even more baseless now in light of the Court's construction of "natural language" as "a language spoken or written by humans, as opposed to programming language or machine language." The Court's construction is substantively identical to Defendants' proposal ("a language spoken and written by humans"). Indeed, the Court's construction properly goes further by clarifying that a "natural language" is *not* a "programming language or machine language." D.I. 49 at 20. In the joint claim construction statement, InfoGation conceded that the construction of "natural language" would be "[c]laim and case dispositive if Defendants' construction of this term is adopted." D.I. 49 at 2. Given that concession and the fact that Google Maps servers send route information in a programming or machine language format, InfoGation has no legitimate basis for continuing to pursue any claims based on the '743 Patent.

Second, the accused products also do not practice the "non-proprietary" element, a fact that is confirmed by the Court's adoption of Defendants' construction of "non-proprietary" as a "format that can be used with mapping databases provided by other manufacturers." In reaching that construction, the Court found clear and unequivocal disclaimer because the specification distinguishes prior art from the "invention" as a whole, which requires the "capability of being used with mapping databases provided by other manufacturers." D.I. 74 at 12-13. The Court's order also demonstrates that InfoGation never had a legitimate basis for its claim construction proposals of "plain and ordinary meaning" or "conforming to standards that are in the public

domain or are widely licensed." Rather than using a "non-proprietary" format, route information in the accused products is provided in a format with a structure and fields proprietary to Google as demonstrated by the source code for Google Maps, which InfoGation has now reviewed. So the format can only be used with databases provided by Google and is not "non-proprietary."

Third, Claim 15 of the '743 Patent recites a "navigation server." As HTC noted in prior correspondence, the "navigation servers" that InfoGation accuses are provided by non-party Google, not by any of the Defendants. 12/15/2016 Williams Letter. So the Defendants cannot be liable for direct infringement because they do not provide each and every element of the claim. *Id*. In response, InfoGation argued that "navigation server" is not a limitation of the claim and "[u]ltimately, this is a claim construction issue — one we expect will be resolved in our favor." 12/22/2016 Phelan Letter. Claim construction has now passed and, rather than InfoGation having "navigation server" construed to not be a limitation of the claim, the parties agreed to a construction of "navigation server" as "a server that provides navigation function." You will recall that, in opposing Defendants' Rule 12(c) motion, InfoGation repeatedly emphasized the importance of the "navigation server" in the claimed invention. For example, InfoGation emphasized that the '743 Patent's "solution" is "for route generation to take place *at the server* instead of the client, where *the server calculates* the optimal route based on real-time conditions." D.I. 50 at 3 (emphasis added). Because "navigation server" is a required limitation of the claim and Defendants' accused products do not include a navigation server, there can be no infringement.

Courts have shifted attorneys' fees under § 285 against patentees who continue to pursue infringement allegations after those allegations become implausible in the light of the court's claim constructions:

- *Taurus IP, LLC v. DaimlerChrysler Corp.* awarded fees under § 285 where "[e]ven assuming that [plaintiff] was entitled to test its longshot [infringement] theory before a court, it should have thrown in the towel after I construed [the claims] . . . [plaintiff's] decision to proceed in the face of this court's constructions prolonged the litigation in bad faith." 559 F. Supp. 2d 947, 968 (W.D. Wis. 2008), *aff'd* 726 F.3d 1306, 1326-29 (Fed. Cir. 2013) (affirming § 285 fees award).

- *Medtronic Navigation, Inc. v. Brainlab Medizinische Computersys. GmbH* awarded fees under § 285 and other grounds because "[a]fter receiving the Court's claims construction ruling . . . [plaintiff] had a duty to reexamine this litigation and make an objective assessment of the validity of [plaintiff's] claims that [defendant's] products infringed the patent claims as construed," but the plaintiff instead "proceeded cavalierly, with reckless indifference to the merits of [its] infringement claims." No. 98–cv–01072–RPM, 2008 WL 410413, at *5-10 (D. Col. Feb. 12, 2008).

- *Sorkin v. Universal Building Products, Inc.* awarded fees under § 285 because: "[plaintiff] continued to pursue his claims after the claim construction order . . . it is difficult to understand how [plaintiff] could have opposed [defendant's] motion for summary judgment in good faith on this issue, as the claim construction had made it clear

    that none of the accused products contained" the claim limitation that was construed in defendant's favor. No. 1:08-CV-133, 2010 WL 519742, at *3-4 (E.D. Tex. Feb. 9, 2010).

- *Rambus, Inc. v. Infineon Techs. AG* awarded fees under § 285 where plaintiff's "bad faith is further underscored by its refusal to abandon its infringement case after its claim constructions were altogether rejected in the *Markman* opinion." 155 F. Supp. 2d 668, 677 (E.D. Va. 2001).

- *Cartner v. Alamo Group, Inc.* awarded fees under § 285 where plaintiff's "allegation of literal infringement regarding the 'disconnected' limitation after this Court's *Markman* Order was frivolous." No. 1:7 CR 01589, 2011 WL 4457665, at *4-5 (N.D. Oh. Sept. 23, 2011).

In this case, InfoGation's infringement allegations for the '743 Patent are implausible in light of the Court's constructions of "natural language" and "non-proprietary," and the agreed construction of "navigation server" that the Court adopted.

Therefore, by May 18, 2017, please either confirm that InfoGation will dismiss its claims for infringement of the '743 Patent or fully explain its basis for continuing to assert this patent notwithstanding the three claim constructions discussed above. If InfoGation refuses to withdraw its claims, Defendants reserve their right to seek sanctions and fees under Federal Rule of Civil Procedure 11, 35 U.S.C. § 285, and all other applicable bases.

Sincerely,

*/s/ David Almeling*


David S. Almeling

DSA