**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| INFOGATION CORPORATION,  Plaintiff,  v.  GOOGLE LLC,  Defendant. | Civil Action No. 6:20-cv-0366-ADA  JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S MOTION TO DISMISS INFOGATION'S FIRST
AMENDED COMPLAINT (D.I. 27) PURSUANT TO RULE 12(B)(6)**

**TABLE OF CONTENTS**

                                                **Page**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| III. | LEGAL STANDARDS | 4 |
| IV. | ARGUMENT: THE COURT SHOULD DISMISS THIS ACTION | 4 |
| | A. InfoGation Cannot Plausibly Plead Direct Infringement By A Single Party | 4 |
| | B. InfoGation Has Not Pled, And Cannot Plead, Joint Infringement | 7 |
| | C. There Is No Indirect Infringement Without Underlying Direct Infringement | 8 |
| V. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
 797 F.3d 1020 (Fed. Cir. 2015) ................................................................................................ 4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................................................. 4

*De la Vega v. Google LLC*,
 No. W-19-CV-00617-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ................ 4, 5, 7, 8

*Glory Licensing LLC v. United Airlines, Inc.*,
 No. 09-CV-5569, 2011 WL 13295205 (E.D.N.Y. Mar. 15, 2011) ......................................... 5, 8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................ 8

*Lyda v. CBS Corp.*,
 838 F.3d 1331 (Fed. Cir. 2016) ................................................................................................ 7

*WiNet Labs LLC v. Apple Inc.*,
 No. 5:19-cv-02248-EJD, 2020 WL 409012(N.D. Cal. Jan. 24, 2020) ...................................... 5

I.      INTRODUCTION

Plaintiff InfoGation's First Amended Complaint should be dismissed with prejudice for the same reasons discussed in Google's Rule 12(b)(6) motion to dismiss InfoGation's original Complaint:  InfoGation still has not plausibly alleged—and cannot plausibly allege—direct infringement by a single party.

Google previously moved to dismiss InfoGation's original Complaint, which asserted that Google and its Google Maps Application Programming Interface ("API") infringed Claim 1 of the U.S. Patent No. 6,292,743 ("'743 Patent").  D.I. 1; D.I. 22.  Google's earlier motion argued that method Claim 1 recites steps performed by two parties—(1) a "server" and (2) a "client"—and Google itself could not directly infringe because it has no involvement with the "client"-performed steps.  D.I. 22.

InfoGation has amended its Complaint to assert another claim in the '743 Patent, method Claim 21.  But Claim 21 is no different from Claim 1.  Like Claim 1, Claim 21 recites some steps performed by a "server," and separate steps performed by a "client."  And InfoGation's Amended Complaint still fails to plausibly identify a single entity that could be both the server and the client and therefore perform all the recited steps.  Nor could it in the context of the accused Google Maps API.  Although Google's servers support Maps API, Google does not perform the "client" steps.  Instead, the Maps API is used by client software developed by third parties, and it runs on client devices owned by third-party end users and sold by third-party manufacturers.  Thus, no one entity is both the "client" and "server."

Further, InfoGation has not amended its Complaint to plead joint infringement, even after Google's earlier Rule 12 motion pointed out that omission in the original Complaint.  D.I. 22 at 5-6.  At any rate, pleading such a theory would still be futile because Google does not direct or control how third parties use the Maps API.  Thus, InfoGation cannot plausibly allege direct

infringement. And because InfoGation cannot plausibly plead direct infringement, it also cannot plausibly plead indirect infringement, which requires an underlying act of direct infringement.

Thus, InfoGation's First Amended Complaint should be dismissed with prejudice. Dismissal with prejudice is appropriate here because InfoGation has now twice failed to plausibly plead direct infringement.

## II.   FACTUAL BACKGROUND

On May 5, 2020, InfoGation filed its original Complaint initiating this action against Google and asserting method Claim 1 of the '743 Patent. D.I. 1 at ¶¶24, 34. Google responded on August 8 by filing a motion to dismiss pursuant to Rule 12(b)(6), arguing that Claim 1 could not be infringed by any single entity, such as Google. D.I. 22. On August 13, InfoGation filed its First Amended Complaint, no longer asserting Claim 1 and asserting method Claim 21 instead. D.I. 27 at ¶¶12, 20.

Claim 21 recites five steps, with four steps performed at least in part by a "**client**" (identified below in bold) and other steps performed by a "server":

> 1. A method for providing an optimal route using real-time information from a server of a navigation system, the navigation system also comprising a client and said server coupled to a computer network, said method comprising the steps of:
> establishing a wireless connection with the client;
> **[1] receiving at the server start and end route designations from the client;**
> calculating at the server the optimal route based on real-time information at the server and said start and end route designations;
> formatting at the server the optimal route into a non-proprietary, natural language description;
> **[2] downloading from the server said non-proprietary, natural language description to the client so that the <u>client</u> can [3] reconstruct the optimal route using a local mapping database and [4] display said optimal route on a display system coupled to the <u>client</u>.**

'743 at Claim 21 (numbers [1], [2], [3], [4] added to identify "client"-performed steps).

InfoGation alleges that Google infringes Claim 21 by "[u]sing the technology of the Google Maps API," D.I. 27 at ¶¶12, 15, 17-19, which is a library of data and software tools that Google makes available to third parties who develop their own mapping software using the data and tools.  According to InfoGation, the accused navigation system comprises a "server (hosted by Google)" and "a client (such as a mobile device)."  *Id.* at ¶14.

For each of Claim 21's "server"-performed steps, InfoGation alleges that a Google-hosted server "establishes a wireless connection," "receives start and end route designations," "calculates at the server," and "formats at the server."  *Id.* at ¶¶15-18.

For Claim 21's "client"-performed steps, InfoGation alleges that they are performed at least in part by a "client" or user's "mobile device."  *Id.* at ¶¶16, 19.  For the step of "receiving at the server start and end route designations from the client," InfoGation alleges that "the *user of a mobile device* specifies the origin and destination using the technology of the Google Maps API."  *Id.* at ¶16.  For the last claim element of "downloading from the server . . . ," InfoGation alleges that "the *client* can reconstruct the optimal route using a local mapping database and display said optimal route on a display system coupled to the client" and, similarly, that the "*mobile device* . . . construct[s] a visual map using a local mapping database and display[s] the route using the map on the mobile device screen."  *Id*. at ¶19.  With respect to the step of "downloading from the server said non-proprietary, natural language description," InfoGation alleges "Google downloads from the server—i.e., transmits from the server to the client" data "[u]sing the technology of the Google Maps API."  *Id.*  InfoGation concludes that "products or services incorporating the technology of the Google Maps API" infringe Claim 21.  *Id*. at ¶20.

InfoGation also pleads indirect infringement based on Google allegedly (1) "induc[ing] developers and end-users to directly infringe . . . by making, using, selling, offering for sale,

- 3 -

and/or importing one or more products or services incorporating the technology of the Google Maps API" and (2) "contribut[ing] to the direct infringement of the '743 Patent by developers and end-users of products or services that incorporate the technology of the Google Maps API." *Id*. at ¶¶27-28.

## III.   LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV.   ARGUMENT:  THE COURT SHOULD DISMISS THIS ACTION

### A.   InfoGation Cannot Plausibly Plead Direct Infringement By A Single Party

InfoGation cannot plausibly accuse Google or the Google Maps API of directly infringing method Claim 21 of the '743 Patent because no single entity performs or controls the performance of every step in the claim.  "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*).

Applying this principle in *De la Vega v. Google LLC*, this Court granted Google's Rule 12 motion to dismiss plaintiff's claims of direct infringement with prejudice where plaintiff alleged that Google performed all method steps while "also illogically contend[ing] that actors other than . . . Google perform some of the claim steps."  No. W-19-CV-00617-ADA, 2020 WL 3528411, at *3-7 (W.D. Tex. Feb. 11, 2020).  The asserted method claim required three actors:

(1) a user "[p]roviding real-time streaming image content output by a camera"; (2) a server host "[p]resenting said real-time streaming image content . . . on a server homepage for selection"; and (3) another user "[s]electing said real-time streaming image content . . . for viewing in real-time over the Internet." *Id.* at \*3-4. Yet plaintiff's complaint pleaded that Google alone performed all steps, which this Court found implausible. *Id*. Because the asserted claim on its face required multiple actors, this Court recognized that plaintiff could only proceed on a joint infringement theory; but the complaint alleged no facts to support joint infringement. *Id.* at \*4. Accordingly, this Court dismissed plaintiff's allegations of direct infringement with prejudice. *Id.* at \*7.

Like this Court in *De la Vega*, other courts have dismissed direct infringement allegations where the asserted method claim recited steps that could not be performed by a single party. In *WiNet Labs LLC v. Apple Inc.*, a court dismissed plaintiff allegations that "Defendant's software 'performs each step of the Claim 1'" because Claim 1 plainly required "some sort of user engagement" to perform certain steps. No. 5:19-cv-02248-EJD, 2020 WL 409012, at \*4-5 (N.D. Cal. Jan. 24, 2020). Similarly, in *Glory Licensing LLC v. United Airlines*, *Inc.*, a court dismissed when the plaintiff alleged that "[defendant] infringes on its patent when, among other things, information is entered into a form document 'by a [defendant] customer' and extracted and transmitted to an application program operating on [d]efendant's web server." No. 09-CV-5569, 2011 WL 13295205, at \*2 (E.D.N.Y. Mar. 15, 2011). The court concluded that the claim clearly recited steps performed by "multiple actors, (*i.e.*, defendant and a [defendant] customer to act as a 'user')," yet plaintiff's allegations accused only the defendant alone. *Id*.

Here, InfoGation's asserted method Claim 21 similarly requires multiple actors, (1) a "server" and (2) a "client." Claim 21 requires each of the server and client to perform at least

- 5 -

some of Claim 21's steps.  In particular, the "client" performs the following four steps:

      1) "receiving at the server start and end route designations from the client;"

      2) "downloading from the server said non-proprietary, natural language description"

      3) "reconstruct the optimal route using a local mapping database"

      4) "display said optimal route on a display system coupled to the client."

InfoGation does not dispute that steps (1), (3), and (4) are performed by the "client" or user's "mobile device." D.I. 27 at ¶¶16, 19.  In fact, for step (1), InfoGation alleges infringement based on "the *user of a mobile device* specif[ying] the origin and destination using the technology of the Google Maps API." *Id.* at ¶16.  Likewise, for steps (3) and (4), InfoGation alleges that these steps are performed by a user's "*mobile device* . . . [that] construct[s] a visual map using a local mapping database and display[s] the route using the map on the mobile device screen." *Id.* at ¶19.

For step (2), InfoGation appears to dispute whether "downloading from the server" is performed by the "client."  InfoGation alleges that "*Google* downloads from the server—i.e., transmits from the server to the client." *Id.*  But as InfoGation's allegation shows, its assertion that Google performs the "downloading" step hinges on improperly rewriting "downloading" in the claim as "transmit[ting]" so that the step can be performed by Google's servers. *Id.*  The claim language, however, plainly requires "downloading from the server"—a step that can only be performed by a "client," given that a "server" would not download from itself.

At any rate, even under InfoGation's infringement theory, at least three steps in Claim 21 are performed by a "client," which by InfoGation's own words corresponds to a "mobile device" or "user of a mobile device." D.I. 27 at ¶¶14, 16, 19.  A user's mobile device, however, belongs to the end user, not Google, and the device is manufactured and sold by third parties.  And because InfoGation accuses the Google Maps API—which third parties use to incorporate

mapping data and features into their own software—the relevant software running on the user's "mobile device" is also developed and provided by third parties. In contrast to these "client" steps that are performed by third parties, InfoGation alleges that the server is "hosted by Google" and that Google therefore performs other steps in Claim 21 "at the server." *Id.* at ¶14, 16-19.

These facts are materially identical to those in *De la Vega*, where Google was alleged to perform method steps at the "server" but could not possibly perform steps associated with users. Likewise, here in the context of Maps API, Google is alleged to perform steps "at the server" but it could not possibly perform the "client"-based steps of Claim 21. As a result, no single entity can possibly perform all of Claim 21's steps. The Court should thus dismiss with prejudice InfoGation's claim for direct infringement.

### B. InfoGation Has Not Pled, And Cannot Plead, Joint Infringement

Because Claim 21 requires multiple actors, InfoGation can only proceed on a direct infringement claim based on a joint infringement theory involving Google and some third party. But InfoGation has not pled any joint infringement theory. In *De la Vega*, this Court dismissed with prejudice because "this is a case of joint infringement" and yet the "Complaint fails to make even conclusory allegations of such direction, control, or joint enterprise," which are the legal elements to a joint infringement theory. 2020 WL 3528411, at *4. The same outcome of dismissal with prejudice should apply here.

Indeed, InfoGation could not plausibly allege joint infringement based on the facts of this case. This is because, among other things, Google does not direct or control third-party developers of software that make use of the Google Maps API or the third-party end users of "client" devices and the third-party companies that sell those devices. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1340 (Fed. Cir. 2016) (stating "on a direction or control theory of joint infringement . . . the Amended Complaint must plausibly allege that Defendants exercise the

requisite 'direction or control' over the performance of the claim steps, such that performance of every step is attributable to Defendants"). In *Glory Licensing*, the court granted dismissal because "to adequately plead direct infringement [under a joint infringement theory], [plaintiff] would have needed to allege that [defendant] controlled its customers, ***a dubious contention***." 2011 WL 13295205, at *2 (emphasis added). Because it is equally dubious that Google directs or controls any third parties with respect to the Google Maps API, any attempt by InfoGation to amend its complaint to plead joint infringement should be denied as futile.

Notably, InfoGation has not pled joint infringement in its First Amended Complaint even after Google's prior Rule 12 noted the absence of such a theory in InfoGation's original Complaint. D.I. 22 at 5-6. InfoGation's decision not to amend its complaint to add a joint infringement theory makes clear that such a theory is futile and that InfoGation intends not to pursue a joint infringement theory going forward.

### C. There Is No Indirect Infringement Without Underlying Direct Infringement

To support a claim for indirect infringement, a plaintiff must plead "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Because InfoGation cannot plausibly allege an underlying act of direct infringement by any single entity, the Court should dismiss with prejudice InfoGation's claim for indirect infringement. *See De la Vega*, 2020 WL 3528411, at *7 (dismissing indirect infringement with prejudice because plaintiff failed to plausibly allege direct infringement).

### V. CONCLUSION

The Court should dismiss InfoGation's First Amended Complaint with prejudice because InfoGation has not alleged, and cannot plausibly allege, either direct or indirect infringement. Dismissal with prejudice is appropriate here because InfoGation has now attempted, and failed,

twice to plausibly plead direct infringement.

| | |
|---|---|
| Dated:  August 24, 2020 | Respectfully submitted,<br><br>By: */s/ J. Mark Mann*<br>J. Mark Mann<br>State Bar No. 12926150<br>mark@themannfirm.com<br>G. Blake Thompson<br>State Bar No. 24042033<br>blake@themannfirm.com<br>**MANN \| TINDEL \| THOMPSON**<br>300 West Main Street<br>Henderson, Texas 75652<br>Telephone:  903/657-8540<br>Facsimile:  903/657-6003<br><br>Darin W. Snyder (*pro hac vice*)<br>dsnyder@omm.com<br>David S. Almeling (*pro hac vice*)<br>dalmeling@omm.com<br>Mark Liang (*pro hac vice*)<br>mliang@omm.com<br>Bess Ibtisam Hanish (*pro hac vice*)<br>bhanish@omm.com<br>Daniel Silverman (*pro hac vice*)<br>dsilverman@omm.com<br>**O'MELVENY & MYERS LLP**<br>Two Embarcadero Center, 28th Floor<br>San Francisco, California 94111<br>Telephone:  (415) 984-8700<br>Facsimile:  (415) 984-8701<br><br>**ATTORNEYS FOR DEFENDANT GOOGLE LLC** |

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this August 24, 2020, with a copy of this document via electronic mail.


Dated: August 24, 2020                                  */s/ J. Mark Mann*
                                                                    **J. Mark Mann**