**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

INFOGATION CORPORATION,

Plaintiff,

v.

GOOGLE LLC,

Defendant.

Civil Action No.: 6:20-cv-0366-ADA

**Jury Trial Demanded**

**PLAINTIFF INFOGATION CORPORATION'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........ ii

**I. INTRODUCTION** ........ 1

**II. FACTUAL BACKGROUND** ........ 1

**A. Party and Non-Party Witnesses are Not Primarily Located in California.** ........ 1

**B. InfoGation's Prior Lawsuit in San Diego.** ........ 3

**III. LEGAL STANDARD** ........ 4

**IV. ARGUMENT** ........ 5

**A. Private Interest Factors Weigh Against Transfer.** ........ 5

**1. The Relative Ease of Access to Sources of Proof Weighs Against Transfer.** ........ 5

**2. The Availability of Compulsory Process Weighs Against Transfer.** ........ 6

**3. The Cost of Attendance for Willing Witnesses Is Neutral.** ........ 6

**4. Practical Problems Weigh Against Transfer.** ........ 7

**B. The Public Factors Weigh Against Transfer.** ........ 8

**1. The Administrative Difficulties Flowing from Court Congestion Weigh Against Transfer.** ........ 8

**2. The Local Interest is Neutral.** ........ 9

**3. The Familiarity of the Forum with the Law is Neutral.** ........ 9

**4. The Avoidance of Conflict of Laws is Neutral.** ........ 9

**V. CONCLUSION** ........ 9

## TABLE OF AUTHORITIES

### Cases

*Bandspeed, Inc. v. Acer, Inc.*,
No. 2:10-CV-215-TJW, 2011 WL 3648453 (E.D. Tex. Aug. 15, 2011) ........................... 7

*Hammond Dev. Int'l, Inc. v. Google LLC*,
1:20-cv-00342-ADA, 2020 WL 3452987 (W.D. Tex. June 24, 2020) .......................... 4, 5

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ........................................................................................ 5

*Nidec Motor Corp. v. Broad Ocean Motor LLC*,
No. 2:15-CV-443-JRG-RSP, 2016 WL 776986 (E.D. Tex. Feb. 29, 2016) ....................... 7

*Parus Holdings Inc. v. LG Elecs. Inc.*,
No. 6:19-CV-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020) .................. 6, 9

### Statutes

28 U.S.C. § 1404(a) .................................................................................................................. 5

## I. INTRODUCTION

Defendant Google LLC ("Google") seeks to transfer this case to the Southern District of California for the sole purpose of increasing the likelihood that a nonfinal, nonprecedential claim construction ruling will apply in this case. Accusing Plaintiff InfoGation Corporation ("InfoGation") of "forum-shopping," Google has submitted nearly ***four hundred pages*** of documents in support of its motion, raising nothing but irrelevant facts. An accurate assessment of the facts confirms that transfer is not appropriate because Google cannot show that the target forum is clearly more convenient. Google's motion should be denied.

## II. FACTUAL BACKGROUND

### A. Party and Non-Party Witnesses are Not Primarily Located in California.

Google relies heavily on an inaccurate assessment of witness and evidence locations in support of its motion. First, Google asserts that "[t]he Google employees most knowledgeable about the accused features of Google Maps API relating to the creation, formatting, and use of directions and routes in Directions API are based in Mountain View, California, and Seattle, Washington." (ECF No. 30 at 2.) Google then asserts that "[n]o Google employees who work on the accused features of the Google Maps API are based in Texas." (*Id.* at 3.) But as the case is in its infancy and InfoGation's present infringement allegations are based on limited publicly-available information, it is not yet clear which specific aspects of Google Maps API will be relevant to this case, let alone which individuals will be the most knowledgeable about them. Tellingly, Google has narrowly construed the relevant aspects of the accused system in order to deny that any knowledgeable Google witness could possibly be located in Texas. But that determination simply cannot be made at this stage of the case. In any case, none of the identified

Google witnesses work or reside in Southern District of California and would presumably need to fly to attend trial in either San Diego or in Waco.

Google is also incorrect about InfoGation witnesses and third-party witnesses. While it is true that InfoGation's CEO, Qing Kent Pu, resides in the San Diego area, Mr. Pu chose to file the case here and will travel to this District for trial. Dr. Hui Henry Li, Mr. Pu's co-inventor on U.S. Patent No. 6,292,743 ("the '743 Patent"), is, as Google admits, located in the Bay Area—not the Southern District of California. Further, Dr. Li disaffiliated from InfoGation nearly ten years ago and has had limited contact with InfoGation or Mr. Pu since then. Declaration of Qing Kent Pu ("Pu Decl.") ¶ 2. Dr. Li is thus unlikely to have discoverable information, let alone serve as a necessary trial witness. However, if a trial witness, he too would presumably need to fly to attend trial in either San Diego or Waco.

Google is also incorrect about Dooyong Lee. Contrary to Google's assertions, Dooyong Lee does *not* reside in Laguna Beach, California. Rather, Mr. Lee lives and works in South Korea and no longer has any direct connection with California. Declaration of Dooyong Lee ("Lee Decl.") ¶ 2. Mr. Lee's company, while maintaining a virtual address in California for business purposes, does not maintain a physical presence or any documents or records in California. *Id.* ¶ 3. Any relevant information Mr. Lee would have would be in South Korea, and in any case, Mr. Lee too is willing to travel to Waco for trial. *Id.* ¶ 4.

Stephen C. Beuerle, the prosecuting attorney for the '743 Patent, has no personal recollection or documents related to the prosecution of the '743 Patent. Declaration of Stephen C. Beuerle ("Beuerle Decl.") ¶ 3. Mr. Beuerle, having no discoverable information relevant to this case, is thus irrelevant to the transfer inquiry. Nonetheless, Mr. Beuerle is willing to travel to Waco for trial as well in the unlikely event that his testimony is required. *Id.* ¶ 4.

Most importantly, at least one witness with potentially significant knowledge of relevant facts to this case does reside in Texas. As explained in the accompanying Declaration of Mr. Pu, a substantial prior licensing effort by InfoGation involved Hertz Rental Car and its facility located in Dallas. Pu Decl. ¶ 3. A prominent role in that transaction was played by Michael Mouser, an expert in GPS technology who at the time worked with Hertz on a navigation software application that incorporated InfoGation's technology. *Id.* ¶ 4. Mr. Mouser now resides in Richardson, Texas, which is slightly more than 100 miles away from Waco. *Id.* ¶ 5; *see also* Declaration of Matthew C. Holohan ("Holohan Decl.") Exh. 1 (Mouser LinkedIn Profile); *id.* Exh. 2 (map from Richardson to Waco). Mr. Mouser could potentially provide highly relevant testimony at trial concerning the value of InfoGation's GPS technology as well as the GPS market and technology generally.

In sum, no relevant non-party witnesses are based in California, no Google witnesses are located in the Southern District of California, and at least one potential non-party relevant witness is located in Texas. Google's assertions concerning the location of evidence and witnesses are simply irrelevant or incorrect.

**B. InfoGation's Prior Lawsuit in San Diego**

Google's motion includes a great deal of false accusations regarding InfoGation's motives for bringing the case here rather than in InfoGation's previous forum. Google's innuendo should be ignored.

As an initial manner, the infringement allegations in the *ZTE/HTC* case are not relevant here, as the defendants in that case were device makers rather than service providers like Google is here. The events of the prior case are thus of limited relevance.

Further, it is true that InfoGation chose San Diego initially and sought to keep the case there rather than transfer it to the Western District of Washington. But there are myriad reasons

for that decision that Google ignores. First, at the time more evidence was present in San Diego than it is today. In particular, Mr. Lee and his company were still located in Southern California. Also, the proposed transferee forum in that case was the Western District of Washington, which had less expertise in patent law than the Southern District of California. This Court's expertise in patent law is at least comparable to that of the Southern District of California.

Google also highlights InfoGation's prior assertions concerning the Southern District of California's familiarity with the case. But this, too, is irrelevant. The prior case was filed ***four years ago*** and thus transferring the case now would require just as much relearning by the court in San Diego as would be necessary here. Apart from public records showing that InfoGation's prior case proceeded in the Southern District of California, Google points to no evidence that the case, if transferred to San Diego, would be assigned to the same judge assigned to the original case, Judge Huff, or if assigned to Judge Huff, that she retains any familiarity whatsoever with InfoGation or the '743 Patent.

In sum, InfoGation's prior comments concerning the suitability of the Southern District of California were made in a different time, under different circumstances, and have no bearing on the present dispute.[1]

## III. LEGAL STANDARD

A district court may transfer a civil action to another district over the objection of the plaintiff only if the movant can meet its heavy burden to show that the transferee venue is "clearly" more convenient. *Hammond Dev. Int'l, Inc. v. Google LLC*, 1:20-cv-00342-ADA, 2020 WL

---

[1] Google attempts to make a great deal of the fact that InfoGation dismissed its prior suit following Judge Huff's *Markman* order. As stated in InfoGation's Complaint, the prior *Markman* order is nonbinding on the parties and InfoGation has reserved the right to seek different or additional claim constructions in this case. Indeed, the prior claim constructions are of limited relevance because the accused technology here is different from the accused products in the prior lawsuit.

3452987, at *1 (W.D. Tex. June 24, 2020). If the movant cannot show that the transferee venue is clearly more convenient, the plaintiff's choice of venue should be respected. *Id.* at *2; *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)). Courts may consider undisputed facts outside the pleadings in resolving a transfer motion, but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. *Hammond*, 2020 WL 3452987 at *2.

## IV. ARGUMENT

### A. Private Interest Factors Weigh Against Transfer.

#### 1. The Relative Ease of Access to Sources of Proof Weighs Against Transfer.

InfoGation's headquarters in San Diego is irrelevant—Mr. Pu is willing to travel to Waco for trial and Mr. Pu chose this forum. Mr. Lee is based in South Korea, not California, and Mr. Beuerle has no discoverable information. These individuals too are willing to travel to Waco. Further, InfoGation has identified another potentially relevant third-party witness—Mr. Mouser—who is located in Texas and appears to be subject to process for attendance at trial. Finally, the location of Google's documents is irrelevant. During discovery, InfoGation will need to take evidence from Google witnesses where they reside, and thus the trial forum is irrelevant on this point. Producing documents to InfoGation's counsel in Denver will be no more convenient for Google if the case is transferred to San Diego. Further, the most relevant evidence is likely to be Google's source code, which will likely be produced at the office of Google's counsel, hosted at a

third-party location convenient to InfoGation's expert, or made available for remote inspection. The location of evidence considerations in this case weigh against transfer.

**2. The Availability of Compulsory Process Weighs Against Transfer.**

Google cannot show that the availability of compulsory process favors transfer because Google has not identified any material witnesses who could be compelled to testify in San Diego but not Waco. Mr. Lee and Mr. Beuerle are willing to appear in Waco and thus compulsory process is unnecessary. Dr. Li, having disassociated from InfoGation nearly a decade ago, is unlikely to have significant testimony and in any case cannot be compelled to appear in the Southern District of California because Los Altos is more than 100 miles away from San Diego. *See* Holohan Decl. Exh. 3 (Map from San Diego to Los Altos). Mr. Mouser, on the other hand, can likely be compelled to appear in Waco but not San Diego. This factor too then weighs against transfer.

**3. The Cost of Attendance for Willing Witnesses Is Neutral.**

Mr. Pu is willing to travel to Waco, Mr. Beuerle and Dr. Li likely will not be asked to appear at trial, and Mr. Lee will need to travel from South Korea to the U.S. regardless of where trial occurs. Mr. Mouser, on the other hand, would likely prefer to travel to Waco instead of California.

Regarding Google's witnesses, "it is the convenience of non-party witnesses, rather than of employee witnesses, however, that is the more important factor accorded greater weight." *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-CV-00432-ADA, 2020 WL 4905809, at *6 (W.D. Tex. Aug. 20, 2020) (internal quotations omitted). Thus, non-party witnesses such as Mr. Mouser and Mr. Lee are more important in this consideration than Google's employees. Further, as discussed above, it is far too early in the case to reach a definitive conclusion as to which of Google's thousands of employees will testify at trial. And while Google cites the longer travel time to Waco than to San Diego from the present locations of the witnesses it has identified, Google's witnesses

will need to travel by air to attend trial in either San Diego or Waco regardless, and thus the relative convenience is negligible. Google thus cannot clearly show that San Diego is more convenient for its witnesses than Waco. This factor is thus neutral and does not support transfer.

**4. Practical Problems Weigh Against Transfer.**

Google cannot identify any practical problems that favor transfer. Google focuses on the alleged familiarity with the '743 Patent on the part of the Southern District of California. However, InfoGation's prior case terminated nearly four years ago, and thus little familiarity with the patent likely remains in that court. In any case, Google makes no showing that Judge Huff will in fact be assigned this case if a transfer happens or if Judge Huff has any recollection of this case. Indeed, since the past case concluded, Judge Huff has been assigned to 65 patent cases. *See* Holohan Decl. Exh. 4 (Judge Huff Case Report). In light of these facts, it is highly unlikely she will remember any relevant facts about the asserted patent.

The cases on which Google relies for this point involved prior decisions that were much closer in time to the motion to transfer. In *Nidec Motor Corp. v. Broad Ocean Motor LLC*, No. 2:15-CV-443-JRG-RSP, 2016 WL 776986 (E.D. Tex. Feb. 29, 2016), the transferee court had construed the asserted patent less than two years earlier. *Id.* at *3. Similarly, in *Bandspeed, Inc. v. Acer, Inc.*, No. 2:10-CV-215-TJW, 2011 WL 3648453, at *1 (E.D. Tex. Aug. 15, 2011), the transferee court had held a *Markman* hearing just five months before the transfer motion was decided. Google has not cited a single case with the length of time present here, where the target district has had nearly four years to lose its familiarity with the asserted patent, as has almost certainly happened here. Nor is there any guarantee that the case would be assigned to Judge Huff at all, even if Judge Huff could be said to retain familiarity with the '743 Patent. In short, the judge assigned to this case, whether in this Court or San Diego, will need to expend just as many

resources to familiarize himself or herself with the patent and the issues in this case, and Google has not shown otherwise.

Further, Google's accusations of "forum shopping" are inaccurate. As explained above, the circumstances under which InfoGation filed its prior lawsuit and defended its choice of forum simply do not exist today. This is not surprising, as, again, the prior case was filed four years ago.

Thus, this factor weighs against transfer.

**B. The Public Factors Weigh Against Transfer.**

**1. The Administrative Difficulties Flowing from Court Congestion Weigh Against Transfer.**

Google cites ten years' worth of statistics in an effort to compare median time to jury trial in this Court and before Judge Huff. But this is the wrong comparison for several reasons. First, as stated above, there is no guarantee that this case will be assigned to Judge Huff if the case is transferred to the Southern District of California. The median time to trial in patent cases for all of the Southern District of California for 2009 to the present is 2.3 years, just a few months less than the 2.62 year figure that Google cites for this Court. *See* Holohan Decl. Exh. 5 (S.D. Cal. Case Report). This difference is negligible.

Further, the prior two years in this Court are more relevant than the past ten, as it has been recognized that patent filings have risen significantly in this Court over the past two years. *See, e.g.*, Timothy Witherspoon, "Waco becoming hotbed for intellectual property cases with new federal judge," *Waco Tribune-Herald*, Jan. 18, 2020 (Holohan Decl. Exh. 6). While this two-year period of heightened patent filings has not yet yielded a significant data set from which median time to trial can be derived, it is reasonable to conclude that this Court is moving patent cases toward trial at least as swiftly, if not more swiftly, than the Southern District of California. Google's ten-year view thus does not present useful comparison.

This Court's expertise in patent cases has been well-recognized through increased filings, and thus the Court's congestion factor also favors keeping this case here. At a minimum, this factor is neutral.

### 2. The Local Interest is Neutral.

The issues in this case are local neither to San Diego nor to Waco. The question is whether Google—a global company headquartered in Northern California with a major presence in Austin—infringes a patent held by a small San Diego company. Indeed, this Court has recognized that "Google is 'local' in WDTX." *Parus Holdings*, 2020 WL 4905809, at *7. Neither court has significant interest in the outcome of this litigation compared to the other. Thus, this factor is neutral.

### 3. The Familiarity of the Forum with the Law is Neutral

Google is correct that this Court and the Southern District of California are equally capable of applying federal patent law. Google is incorrect, however, in asserting that the Southern District of California has more familiarity with the issues in this case for the reasons discussed above. This factor is thus neutral.

### 4. The Avoidance of Conflict of Laws is Neutral.

Google is correct that this factor is neutral.

## V. CONCLUSION

Google has fallen far short of the clear showing necessary to transfer this case to the Southern District of California. Accordingly, for the foregoing reasons, InfoGation respectfully requests that the Court deny Google's motion.

Dated: August 31, 2020

Respectfully submitted,

By: */s/ Matthew C. Holohan*
Michael C. Smith (SBN 18650410)
Siebman, Forrest, Burg & Smith LLP
113 East Austin Street
Marshall, TX 75670
michaelsmith@siebman.com
Telephone: 903-938-8900
Facsimile: 972-767-4620

Robert R. Brunelli (Admitted *pro hac vice*)
rbrunelli@sheridanross.com
Patricia Y. Ho (Admitted *pro hac vice*)
pho@sheridanross.com
Matthew C. Holohan (Admitted *pro hac vice*)
mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile 303-863-0223
litigation@sheriddanross.com

*Attorneys for Plaintiff InfoGation Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2020, I electronically filed the foregoing Plaintiff InfoGation Corporation's Opposition to Defendant Google LLC's Motion to Transfer Under 28 U.S.C. § 1404(a) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Matthew C. Holohan*
Matthew C. Holohan (Admitted pro hac vice)
mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile 303-863-0223
litigation@sheridanross.com