# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| INFOGATION CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No.: 6:20-cv-0366-ADA<br><br>**Jury Trial Demanded** |

## PLAINTIFF INFOGATION CORPORATION'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS UNDER RULE 12(B)(6)

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................... ii
**I.     INTRODUCTION** ........................................................................................................... 1
**II.    FACTUAL BACKGROUND** ........................................................................................ 1
**III.   ARGUMENT** ................................................................................................................... 2
    **A.   InfoGation Has Sufficiently Plead its Claim for Direct Infringement** ................... 2
    **B.   InfoGation Has Pled Indirect Infringement** ............................................................. 7
    **C.   If the Court Grants Google's Motion, InfoGation Should be Given Leave under Rule 15(a)(2) to Amend** ................................................................................................. 8
**IV.    CONCLUSION** ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015) .................................................................................................. 2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................... 8

*Biomedical Enters., Inc. v. Solana Surgical, LLC*,
  No. 1:14–CV–095–LY, 2014 WL 5684841 (W.D. Tex. Nov. 4, 2014) ...................................... 6

*Clear with Computers, LLC v. Hyundai Motor America, Inc.*,
  No. 6:09 CV 479, 2011 WL 2436535 (E.D. Tex. June 14, 2011) .............................................. 6

*De la Vega v. Google LLC*,
  No. W-19-CV-00617-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ............................ 2

*Geotag, Inc. v. AT&T Mobility LLC*,
  No. 3:13–CV–00169–K, 2014 WL 2587626 (N.D. Tex. June 10, 2014) ................................... 6

*Glory Licensing LLC v. United Airlines, Inc.*,
  No. 09-CV-5569, 2011 WL 13295205 (E.D.N.Y. Mar. 15, 2011) ............................................ 3

*Lone Star Ladies Inv. Club v. Schlotzky's Inc.*,
  238 F.3d 363 (5th Cir. 2001) ...................................................................................................... 8

*Mayeaux v. La. Health Serv. & Indem. Co.*,
  376 F.3d 420 (5th Cir. 2004) ...................................................................................................... 8

*MONKEYmedia, Inc. v. Apple, Inc.*,
  Nos. A–10–CA–319–SS, A–10–CA–533–SS,
  2015 WL 4758489 (W.D. Tex. Aug. 11, 2015) .......................................................................... 6

*Nalco Co. v. Chem-Mod LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) .............................................................................................. 1, 4

*SanDisk Corp. v. Memorex Prods., Inc.*,
  415 F.3d 1278 (Fed. Cir. 2005) .................................................................................................. 6

*WiNet Labs LLC v. Apple Inc.*,
  No. 5:19-cv-02248-EJD, 2020 WL 409012 (N.D. Cal. Jan. 24, 2020) ...................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

I. **INTRODUCTION**

InfoGation Corporation ("InfoGation") has plausibly stated a claim for direct infringement of Claim 21 of the asserted U.S. 6,292,743 Patent ("the '743 Patent"), a method for providing an optimal travel route using real time information *from a server* of a navigation system. In this case the method is performed by Google LLC ("Google") using its servers that support its Maps Application Programming Interface ("API").[1] While the claimed navigation system recites the term "client," properly construed, that client does not need to do anything for all steps of the claim to be met. Google's Motion to Dismiss Under Rule 12(b)(6) ("Motion") thus hinges on the Court adopting a construction for the claim that *requires* action by the recited "client." It is inappropriate to construe disputed claim terms at all on a Rule 12(b)(6) motion, especially where, as here, the parties' differences cannot be resolved by looking at the plain and ordinary meaning of the terms. *Nalco Co. v. Chem-Mod LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (purpose of motion is to test sufficiency of complaint, not to decide merits). It is *a fortiori* improper to adopt the Defendant's proposed construction at this stage. Google's Motion should thus be denied, especially now that a claim construction hearing has been scheduled for March 12, 2021. Should the Court determine that Google's motion has merit, InfoGation requests leave to amend as there is no evidence of prejudice, futility, bad faith, or undue delay.

II. **FACTUAL BACKGROUND**

The Amended Complaint (D.I. 27) pleads Google as the actor in all the method steps recited in Claim 21. (*Id*., ¶¶ 12-19.) InfoGation asserts that certain Google products and services, including those that incorporate Google's Maps API, infringe at least Claim 21 of the '743 Patent.

---

[1] The original Complaint asserted infringement of Claim 21 and the Complaint was amended to remove references to Claim 1. (Motion, p. 1; *see also* Complaint (D.I. 1), ¶ 12.) Claim 1 and 21 are very different.

(Amended Complaint, ¶ 12.)  The Amended Complaint also pleads that Google's Maps API provides an optimal route using real-time information generated by a navigation system server. (*Id.*, ¶ 13.)  The system includes a client (such as a mobile device) and Google's server, coupled to a computer network, which can communicate with the client. (*Id.*, ¶ 14.)  InfoGation further pleads that through the Maps API, *Google* establishes a wireless connection between the server and the client, the *Google server* receives start and end route designations from the client, and *Google calculates at the server* the optimal route based on real-time information and start and end route designations. (*Id.*, ¶¶ 15-17) (emphasis added).  InfoGation further pleads that *Google* formats *at the server* the optimal route into a non-proprietary, natural language description, and that *Google downloads from the server*—i.e., transmit from the server to the client—that information in a format that enables the mobile device to construct a visual map using a local mapping database and display the route using the map on the mobile device screen. (*Id.*, ¶¶ 18-19.)  In sum, the Amended Complaint explicitly and unambiguously identifies Google as the entity that performs all method steps of Claim 21.

### III.    ARGUMENT

#### A.    InfoGation Has Sufficiently Plead its Claim for Direct Infringement

InfoGation does not dispute that to directly infringe Claim 21, Google must perform or be held responsible for performing all steps recited in the claim.  (Motion, p. 4 (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*).)  However, the cases cited by Google applying this principle are irrelevant here.  (Motion, pp. 4-6.)  For instance, *De la Vega v. Google LLC* is not applicable because the plaintiff there specifically alleged that there were *three* actors who were required to perform the claim steps, using terms like "User #1" and "User #2", only asserting that a single actor performed all the claim elements in a fourth amended complaint.  No. W-19-CV-00617-ADA, 2020 WL 3528411, at *3-7 (W.D. Tex. Feb. 11,

2020).  Similarly, in *WiNet Labs LLC v. Apple Inc.*, it was undisputed that the defendant's client, *i.e.*, a third party, had to perform a claimed feature of the invention, No. 5:19-cv-02248-EJD, 2020 WL 409012, at *3-4 (N.D. Cal. Jan. 24, 2020), meaning the defendant could not be charged with performing the entire method.  *Id.*  Finally, in *Glory Licensing LLC v. United Airlines, Inc.*, the complaint's allegations specifically stated that the recited "user" was a customer, and did not identify which claims were allegedly infringed.  No. 09-CV-5569, 2011 WL 13295205, at *2 (E.D.N.Y. Mar. 15, 2011).  In sum, all the cases relied upon by Google are distinguishable based on the allegations there under consideration, and each set of allegations is different from InfoGation's allegations here, which objectively and unambiguously identify Google as the sole performer of each claimed step.  There are no rules or principles from those cases that mandate dismissal here, much less dismissal with prejudice.

Just as important, InfoGation's allegations are consistent with the asserted claim.  Unlike in the cases relied upon by Google, none of the steps of Claim 21 are performed by the "client" or the user's mobile device.  Nevertheless, Google identifies four steps in Claim 21 as purportedly being performed "at least in part" by a "client:"

> 1. A method for providing an optimal route using real-time information from a server of a navigation system, the navigation system also comprising a client and said server coupled to a computer network, said method comprising the steps of:
> establishing a wireless connection with the client;
> **[1] receiving at the server start and end route designations from the client;**
> calculating at the server the optimal route based on real-time information at the server and said start and end route designations;
> formatting at the server the optimal route into a non-proprietary, natural language description;
> **[2] downloading from the server said non-proprietary, natural language description to the client so that the client can [3] reconstruct the optimal route using a local mapping database and [4] display said optimal route on a display system coupled to the client**.

3

(numbers [1], [2], [3], [4] added to identify Googled alleged "client"-performed steps).  (Motion, p. 2; Amended Complaint, ¶¶ 16, 19.)  Google's positions are just wrong.

Regarding step [1], in paragraph 16 of its Amended Complaint, InfoGation states: "The Google server *receives* start and end route designations from the client." (D.I. 27, ¶ 16.)  The claim only requires that information be "received," and that receipt occurs at the server operated by Google.  All paragraph 16 alleges is that the Google server "receives" start and end information—the transmission of the information is not part of the claim, nor is the entity that performs that transmission.  To the extent Google contends otherwise, the issue is one of claim construction, which is not to be conducted at this stage of the case.  *Nalco Co. v. Chem-Mod LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018).

With respect to step [2], the parties apparently disagree on what the phrase "downloading from the server" means.  (Motion, p. 6.)  InfoGation contends that Google's server sends, *i.e.*, transmits, a non-proprietary natural language description to a client.  (Amended Complaint, ¶ 19.)  Google, on the other hand, contends that the claim language "plainly requires" that the *client* "download," *i.e.*, pull from the server, that information. (Motion, p. 6.)  The dispute centers over whether a party can "download" data *to* another party, or whether a party may only "download" data *from* another party.  Contrary to Google's assertion, the latter interpretation is not "plainly" correct.  Indeed, Google has cited no evidence that would yield this conclusion, not surprising as it is flatly contradicted by the '743 Patent itself.  For example, Figure 4 of the '743 Patent includes a step (416) labeled "SERVER DOWNLOADS ROUTE TO CLIENT."



'743 Patent at Fig. 4 (emphasis added); *see also id.* at 5:26-28 ("The navigation server 114 is used to generate and download optimal routing information *to* the navigation system 102 . . . .")

5

(emphasis added), 8:45-46 ("Next, in step 416, *the server* downloads the calculated optimal route *to* the navigation computer 204.") (emphasis added).  Thus, not only does Google improperly ask the Court to resolve claim construction disputes at the pleading stage, but Google asks the Court to adopt a claim construction that is contrary to a preferred embodiment, which is "'rarely, if ever correct.'"  *Biomedical Enters., Inc. v. Solana Surgical, LLC*, No. 1:14–CV–095–LY, 2014 WL 5684841, at *7 (W.D. Tex. Nov. 4, 2014) (quoting *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1285 (Fed. Cir. 2005)).

> Finally, steps [3]-[4] are part of the last full step in Claim 21 and must be read in context:
>
> downloading from the server said non-proprietary, natural language description to the client so that the client *can* reconstruct the optimal route using a local mapping database and display said optimal route on a display system coupled to the client.

('743 Patent, Claim 21) (emphasis added).  The operative language here is "downloading from the server…", discussed above, a step InfoGation alleges to be performed by Google.  (D.I. 27, ¶ 19.)  Once that step is performed, all the claim plainly requires is that the client "can" reconstruct and display the optimal route—there is no requirement that the client actually perform any action.  Courts have repeatedly recognized claims that *enable* user actions do not *require* that such actions be performed in order for infringement to be found.

For example, in *MONKEYmedia, Inc. v. Apple, Inc.*, the Court adopted a construction of "expansion cue container" that "require[d] only that cues can be inserted into and removed from the container, not that the end user must perform the insertion and removal."  Nos. A–10–CA–319–SS, A–10–CA–533–SS, 2015 WL 4758489, at *10 (W.D. Tex. Aug. 11, 2015).  Similarly, the court in *Geotag, Inc. v. AT&T Mobility LLC* held that claims that enabled a user to perform searches "[did] not actually require a user to then go on to perform any search of those topics." No. 3:13–CV–00169–K, 2014 WL 2587626, at *19 (N.D. Tex. June 10, 2014).  Finally, in *Clear with Computers, LLC v. Hyundai Motor America, Inc.*, the court held that the method step "the

6

system dynamically building a template utilizing the selection device to fill in the template to produce the single composite visual output" was met where the defendant's device created the "composite visual output" for display on a user device, and that the user device displaying the output was not a required step of the claim.  No. 6:09 CV 479, 2011 WL 2436535, at *2 (E.D. Tex. June 14, 2011).

These cases properly and logically recognize that in method claims, such as Claim 21 here, that enable a third party to perform an action, the third party's performance or nonperformance of that action is irrelevant to infringement.  In other words, the "client" in Claim 21 only needs the ability to carry out steps [3]-[4], not actually perform them.  Again, Google's arguments center around the scope of the claim phrases and information yet to be uncovered through discovery or the *Markman* process, and in any case, rely on unsupportable claim construction positions.

In sum, the question of joint infringement, if it is an issue at all in this case, will be determined by the claim construction process, now scheduled to occur in March 2021.  Further, Google's preliminary claim construction arguments, even if now considered, have no merit.  The Court should deny Google's Motion.

**B.     InfoGation Has Pled Indirect Infringement**

The sole basis for Google's motion is the assertion that InfoGation cannot identify a single entity that directly infringes Claim 21.  (Motion, p. 8.)  Google's direct infringement argument is wrong for the reasons discussed above.  Importantly, though, Google has not challenged Infogation's substantive allegations of induced and contributory infringement in the Amended Complaint.  (D.I. 27, ¶¶ 27-30.)  Accordingly, Google's motion should be denied as to indirect infringement as well.

**C.     If the Court Grants Google's Motion, InfoGation Should be Given Leave under Rule 15(a)(2) to Amend**

Rule 15(a)(2) provides that the Court should grant leave to amend if it finds multiple actors are required to directly infringe Claim 21. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (district courts must entertain a presumption in favor of granting parties leave to amend). Only where there are findings of "undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party," may there be sufficient basis to deny leave to amend. *Id.*, at 425, 427. Even then, prejudice is the "touchstone" for denial of leave to amend. *Id.* (citing *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).) No such prejudice is present here. InfoGation has amended its Complaint once in response to Google's prior motion to dismiss and the only activities that have taken place are service of InfoGation's Preliminary Infringement Contentions and the submission of the parties' Scheduling Order (D.I. 35).

Nor are Google's arguments of futility valid or credible. (Motion, pp. 7-8.) That InfoGation did not plead joint infringement after Google's original motion to dismiss (D.I. 22) is not an automatic admission of futility. Rather, at best and in fact, it only means InfoGation does not agree with Google's position, as it obviously opposes the present Motion. Moreover, Google cannot claim futility simply because it says it does not direct or control third-party software developers that integrate the Google Maps API or third-party end users of "client" devices. (*Id*.) This confuses proof of the allegations with the sufficiency of their pleading. To survive a motion to dismiss, all a complaint must do is contain sufficient factual matter that a court must *accept as true*, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). InfoGation is not precluded from claiming joint infringement by virtue of Google's blanket and conclusory denials in its briefing.

## IV. CONCLUSION

InfoGation respectfully requests that the Court deny Google's Motion, or alternatively, grant leave to amend if the Court grants the Motion.

Dated: September 8, 2020

Respectfully submitted,

By: /s/ Patricia Y. Ho
Michael C. Smith (SBN 18650410)
Siebman, Forrest, Burg & Smith LLP
113 East Austin Street
Marshall, TX 75670
michaelsmith@siebman.com
Telephone: 903-938-8900
Facsimile: 972-767-4620

Robert R. Brunelli (Admitted *pro hac vice*)
    rbrunelli@sheridanross.com
Patricia Y. Ho (Admitted *pro hac vice*)
    pho@sheridanross.com
Matthew C. Holohan (Admitted *pro hac vice*)
    mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone:	303-863-9700
Facsimile	303-863-0223
litigation@sheridanross.com

*Attorneys for Plaintiff InfoGation Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2020, I electronically filed the foregoing Plaintiff InfoGation Corporation's Opposition to Defendant Google LLC's Motion to Dismiss Under Rule 12(b)(6) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Patricia Y. Ho
Patricia Y. Ho (Admitted *pro hac vice*)
    pho@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone:   303-863-9700
Facsimile    303-863-0223
litigation@sheridanross.com