**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| INFOGATION CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Civil Action No. 6:20-cv-0366-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS INFOGATION'S FIRST AMENDED COMPLAINT (D.I. 27)
PURSUANT TO RULE 12(B)(6)**

## TABLE OF CONTENTS

**Page**

A.    InfoGation Has Not Pled (And Cannot Plead) Infringement By A Single Entity ...............1

B.    InfoGation Cannot Support Indirect Infringement Without Direct Infringement ...............5

C.    Amendment Is Futile As InfoGation Has Failed Twice To Plead Joint Infringement..................................................................................................................6

D.    Conclusion ............................................................................................................................6

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Clear with Computers, LLC v. Hyundai Motor America, Inc.*,
    No. 6:09 CV 479, 2011 WL 2436535 (E.D. Tex. June 14, 2011) ........................................... 6

*De la Vega v. Google LLC*,
    No. W-19-CV-00617-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) .......................... 4

*Geotag, Inc. v. AT&T Mobility LLC*,
    No. 3:13-CV-00169-K, 2014 WL 2587626 (N.D. Tex. June 10, 2014) .................................. 5

*Glory Licensing LLC v. United Airlines, Inc.*,
    No. 09-CV-5569, 2011 WL 13295205 (E.D.N.Y. Mar. 15, 2011) .......................................... 5

*MONKEYmedia, Inc. v. Apple, Inc.*,
    No. A-1O-CA-319-SS, 2015 WL 4758489 (W.D. Tex. Aug. 11, 2015) ................................. 5

*Stryker Corp. v. Davol, Inc.*,
    234 F.3d 1252 (Fed. Cir. 2000) ............................................................................................... 3

*WiNet Labs LLC v. Apple Inc.*,
    No. 5:19-cv-02248-EJD, 2020 WL 409012 (N.D. Cal. Jan. 24, 2020) ................................... 4

This action should be dismissed with prejudice because InfoGation has not pled, and cannot plausibly plead, direct infringement by a single party. Claim 21 requires steps performed by both a "client" and a "server," which InfoGation's own allegations in its Amended Complaint and Infringement Contentions recognize. In asserting otherwise in its Opposition, InfoGation either resorts to re-writing Claim 21's "client"-performed steps so that they could be performed by a "server" or simply ignoring those steps as carrying no weight. But InfoGation cannot change the claim language. Its direct infringement claim should be dismissed with prejudice.

InfoGation's claim for indirect infringement should be dismissed for the same reasons because there is no indirect infringement without an underlying direct infringement. And the Court should not grant leave to amend because InfoGation has twice failed to plead joint infringement and makes no suggestion in its Opposition that it would do so if given leave to amend. Thus, InfoGation's Amended Complaint should be dismissed with prejudice.

**A.     InfoGation Has Not Pled (And Cannot Plead) Infringement By A Single Entity**

As Google's motion detailed, Claim 21 includes four "client"-performed steps:

> [1] receiving at the server start and end route designations from the <u>client</u>;
> . . .;
> [2] downloading from the server said non-proprietary, natural language description to the client so that the <u>client</u> can [3] reconstruct the optimal route using a local mapping database and [4] display said optimal route on a display system coupled to the <u>client</u>.

'743 at Claim 21 (numbers [1], [2], [3], and [4] added to identify "client"-performed steps); D.I. 32 at 2.

InfoGation's arguments that each step is not performed by the client, but is instead performed by the "server," contradicts the plain claim language and InfoGation's own allegations. Indeed, for Step [1], InfoGation's argument is contradicted by its own Amended Complaint, which alleges that the step is infringed when "*the user of a mobile device* specifies

- 1 -

the origin and destination using the technology of the Google Maps API," where "the user of a mobile device" corresponds to the claimed "client."  D.I. 27 at ¶ 14, 16 (emphasis added).

Step [2] similarly recites action from the client to "download[ ] *from the server*."  "[D]ownloading from the server" logically is performed by something *other* than the server.  A server does not "download from" itself.  Only another entity—here the "client"—can "download[ ] from the server."

Dissatisfied with Claim 21 as written, InfoGation re-writes the claim language into what InfoGation wishes it to be.  In its Amended Complaint, InfoGation re-words the phrase "download[s] from the server" as "transmits from the server to the client."  D.I. 27 at ¶19.  In its Opposition, InfoGation yet again re-writes the claim, this time as "server sends . . . to a client" in place of "downloading from the server."  D.I. 37 at 4.  So whereas Claim 21's step [2] is written from the perspective of the client using the phrase "download[s] from," InfoGation re-writes the limitation to be from the perspective of the server using the phrase "transmits/sends to."

InfoGation tries to justify its re-writing as presenting a claim construction dispute over "whether a party can 'download' data *to* another party, or whether a party may only 'download' data *from* another party."  *Id.*  To support its supposed claim construction position, InfoGation cites portions of the specification that describe a similar step of transferring data from the server to the client from the server's perspective as "server downloads route to client."  *See id*. at 4-6 (citing '743 Patent at Fig. 4, 5:26-28, 8:45-46).

There is no claim construction dispute and InfoGation's reliance on the specification is unavailing.  Claim 21's step [2] is plainly written from the perspective of the client and what the client is doing, i.e., "downloading from the server."  The fact that the specification describes a similar step from the perspective of the server, using *different* language of "downloads . . . to

client," is irrelevant because Claim 21 is not written using that specification language or from the server's perspective.  No amount of re-phrasing or citation to the specification can change step [2]'s plain language, which requires an action performed by the client.

Steps [3] and [4] similarly recite actions performed by the "client."  InfoGation, however, argues that the use of the word "can" before those steps means they need not be performed by the client at all.  *Id.* at 6 (quoting Claim 21's language of: "client <u>can</u> [3] reconstruct the optimal route. . . and [4] display said optimal route . . .").  According to InfoGation, the last twenty-four words in Claim 21 starting with "client can" carry no weight and can be ignored.  *Id.* at 6.  InfoGation's position is contradicted by its own allegations.

Even with the word "can" prefacing steps [3] and [4], to prove infringement InfoGation still must show that the "client" (i.e., user's "mobile device") is capable of performing steps [3] and [4].  *See, e.g.*, *Stryker Corp. v. Davol, Inc.*, 234 F.3d 1252, 1257 (Fed. Cir. 2000) (summary judgment of non-infringement proper in absence of evidence that accused device was "presently *capable*" of meeting claim requirements (emphasis added)). InfoGation's allegations confirms this.  Its Amended Complaint alleges that steps [3] and [4] are satisfied by the "client" or "mobile device," stating:  "the client can reconstruct the optimal route using a local mapping database and display said optimal route on a display system coupled to the client" and "enables the mobile device to construct a visual map using a local mapping database and display the route using the map on the mobile device screen."  D.I. 27 at ¶19.

InfoGation's Infringement Contentions further rely on the client (not the server) as performing steps [3] and [4].  InfoGation's claim chart provides separate rows and allegations for steps [2], [3], and [4].  Liang Reply Decl. at ¶2 (attaching as Exhibit 1 InfoGation's Infringement Contentions Exhibit A at 10-12).  For steps [3] and [4], InfoGation focuses on the client device.

Specifically, InfoGation excerpts images of a user's screen to show that it is "reconstruct[ing]" and "display[ing]" the optimal route. *Id.* And InfoGation underlines language from product documentation describing client actions, such as "displaying the result on a map," "bind it to the passed map," "update the map," "display of the polyline between the indicated locations," "placement of markers at the origin, destination, and any waypoints, if applicable," and "can automatically handle displaying the result on a map." *Id.* at 10-11. InfoGation does not ignore steps [3] and [4] or contend that those steps could be performed by a "server," as its Opposition suggests would be permissible, D.I. 37 at 6; rather, it relies on client actions to show that steps [3] and [4] are met.

Steps [1]-[4] therefore require actions by a "client" while the remainder of Claim 21's steps are performed by a separate "server." Because asserted Claim 21's steps require multiple actors, the cases cited in Google's Motion are dispositive. In *De la Vega v. Google LLC*, this Court granted a Rule 12 motion because it recognized "claim 1 on its face plainly requires at least multiple actors." No. W-19-CV-00617-ADA, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020). In *WiNet Labs LLC v. Apple Inc.*, the court dismissed because the method claim required "some sort of user engagement" for certain steps. No. 5:19-cv-02248-EJD, 2020 WL 409012, at *4-5 (N.D. Cal. Jan. 24, 2020). And in *Glory Licensing LLC v. United Airlines, Inc.*, the court also dismissed because the claims "require the input of information by a 'user' of a computer." No. 09-CV-5569, 2011 WL 13295205, at *2 (E.D.N.Y. Mar. 15, 2011).

The cases that InfoGation cites in its Opposition are irrelevant for two reasons. First, procedurally, none were in the context of a Rule 12 motion—two are claim construction orders and one relates to summary judgment. Second, they are factually distinguishable as none of the claims at issue in those cases even recited steps performed by a "client" or "user." In

*MONKEYmedia, Inc. v. Apple, Inc.*, the Court simply construed "expansion cue container" as "[a] receptacle for holding expansion cues into and from which cues can be inserted and removed," and the Court explained why plaintiff's assertion that the construction restricted the term to a single embodiment "accessible by the end user" was incorrect.  No. A-1O-CA-319-SS, 2015 WL 4758489, at *10 (W.D. Tex. Aug. 11, 2015).  In *Geotag, Inc. v. AT&T Mobility LLC*, in construing the terms "dynamically replicated[-ing]," the Court declined to adopt defendant's proposal of including the phrase "at the time of the search" because that improperly added a new limitation.  No. 3:13-CV-00169-K, 2014 WL 2587626, at *19 (N.D. Tex. June 10, 2014).  And in *Clear with Computers, LLC v. Hyundai Motor America, Inc.*, the day before trial was to start, the Court clarified that its order granting summary judgment of no divided infringement served to "prevent [defendant] from arguing that it does not practice a claim element because that element is met by a user or third-party website hosting company" and "in no way relieves [plaintiff] from proving [defendant] practices each claim element."  No. 6:09 CV 479, 2011 WL 2436535, at *1, 4 (E.D. Tex. June 14, 2011).

Steps [1], [2], [3], and [4] of Claim 21 are performed by a client, and InfoGation's contrary arguments ignore the claim language and its own allegations directed against "client" or "mobile" devices.  Because Google is not the "client" and thus cannot perform all the recited method steps, the direct infringement claim should be dismissed with prejudice.

**B.      InfoGation Cannot Support Indirect Infringement Without Direct Infringement**

With respect to indirect infringement, InfoGation stands on its arguments about direct infringement, D.I. 37 at 7, which are incorrect for the reasons above and in Google's Motion. Thus, for the same reasons that InfoGation cannot plausibly plead direct infringement, the indirect infringement claim should be dismissed with prejudice.

**C.     Amendment Is Futile As InfoGation Has Failed Twice To Plead Joint Infringement**

InfoGation should be precluded from pleading joint infringement by virtue of its failure to do so after having had two chances.  InfoGation omitted joint infringement from its original Complaint.  Then, after Google filed its original Rule 12 motion and pointed out that there was no joint infringement theory, D.I. 22 at 5-6, InfoGation filed an Amended Complaint but yet again left out joint infringement.  InfoGation's Opposition does not suggest that it would plead joint infringement if given leave to file a second amended complaint.  In fact, InfoGation questions whether joint infringement is even at issue here, stating "the question of joint infringement, if it is an issue at all in this case." D.I. 37 at 7.  Thus, InfoGation has twice passed on pleading joint infringement and should not be given a third try to do so.

**D.     Conclusion**

For the foregoing reasons, this case should be dismissed with prejudice.

Dated:  September 15, 2020

Respectfully submitted,

By: */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone:  903/657-8540
Facsimile:  903/657-6003

Darin W. Snyder (*pro hac vice*)
dsnyder@omm.com
David S. Almeling (*pro hac vice*)
dalmeling@omm.com
Mark Liang (*pro hac vice*)
mliang@omm.com
Bess Ibtisam Hanish (*pro hac vice*)
bhanish@omm.com
Daniel Silverman (*pro hac vice*)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

**ATTORNEYS FOR DEFENDANT GOOGLE LLC**

- 8 -

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this September 15, 2020, with a copy of this document via electronic mail.

Dated:  September 15, 2020      */s/ J. Mark Mann*
                                                                  **J. Mark Mann**