# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| INFOGATION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 6:20-cv-0366-ADA<br><br>JURY TRIAL DEMANDED |

# AMENDED SCHEDULING ORDER
# BASED ON OGP VERSION 3.2

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of these matters:

| Deadline | Item |
|---|---|
| Friday, August 21, 2020 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the earliest priority date *(i.e.* the earliest date of invention) for each asserted claim and produce:  (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| Friday, September 11, 2020 | Deadline for Motions to Transfer |
| Wednesday, November 18, 2020 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

|  | of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
|---|---|
| Wednesday, December 2, 2021 | Parties exchange claim terms for construction. |
| Wednesday, December 16, 2020 | Parties exchange proposed claim constructions. |
| Wednesday, December 23, 2020 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| Wednesday, December 30, 2020 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| Wednesday, January 13, 2021 | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| Wednesday, February 3, 2021 | Defendant files Responsive claim construction brief. |
| Wednesday, February 17, 2021 | Plaintiff files Reply claim construction brief. |
| Wednesday, March 3, 2021 | Defendant files a Sur-Reply claim construction brief. |
| Friday, March 5, 2021 | Parties submit Joint Claim Construction Statement.<br><br>For *Markman* briefs, each party shall deliver to Chambers one (1) paper copy of its Opening, Response, Reply, and Sur-Reply briefs, omitting attachments, at least a week before the hearing. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

|  | Each party shall also provide an electronic copy of the briefs and exhibits via cloud storage[3] or USB drive. For *Markman* briefs, the parties should also include a (1) paper copy of all patents-in-suit and the Joint Claim Construction Statement. To the extent the Court appoints a technical adviser, each party shall deliver the same to the technical adviser. |
|---|---|
| Friday, March 12, 2021 | *Markman* Hearing at 9:00 a.m. CST/CDT |

SIGNED this day of __November__, 20__20__.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the files to the Court's Box account. The filenames for any exhibits should be a description of the exhibit, e.g., "U.S. Patent No. 10,000,000" or "Prosecution history for 10,000,000 (January 20, 2020, Office Action)."

3