# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| INFOGATION CORPORATION,<br><br>       Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Civil Action No. 6:20-cv-0366-ADA<br><br>JURY TRIAL DEMANDED |

## **DEFENDANT GOOGLE LLC'S MOTION TO STAY PENDING TRANSFER**

Defendant Google LLC ("Google") respectfully requests a brief stay of all proceedings, including the *Markman* hearing scheduled for March 12, 2021.  As explained in Google's transfer motion, this case involves a compelling set of facts demonstrating that the Southern District of California ("SDCA") is much more convenient for both Plaintiff and Google.  *See* Dkt. 30.  The briefing seeking transfer to the SDCA was completed by September 11, 2020.  *See* Dkts. 30, 34, 38, 39.  And since then, Google has filed two notices of supplemental authority in support of its motion to transfer.  *See* Dkts. 41, 42.

"In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources."  *Neodron Ltd. v. Dell Techs.*, 2019 U.S. Dist. LEXIS 23309, *10 (W.D. Tex. Dec. 16, 2019) (Albright, J.) (citing *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.,* 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018) (Pitman, J.)).  Here, all relevant legal factors favor the stay.

First, Plaintiff cannot argue any prejudice because it previously <u>chose</u> to litigate similar cases in the SDCA where it sued three of Google's original equipment manufacturers, asserted the same U.S. Patent No. 6,292,743, and accused Google technology.  *InfoGation Corp. v. ZTE (USA), Inc.*, No. 3:16-cv-1901 (S.D. Cal.); *InfoGation Corp. v. HTC Corp.*, No. 3:16-cv-1902 (S.D. Cal.); *InfoGation Corp. v. Huawei Device USA, Inc.*, No. 3:16-cv-1903 (S.D. Cal.).  There, Plaintiff repeatedly relied on its connections to the SDCA to defeat those defendants' jurisdictional motions.  *See* Dkt. 30 at 4-5.  Further, Plaintiff is headquartered in the SDCA, which is also where its CEO founder and co-inventor of the '743 Patent, Dr. Qing Kent Pu, is located.  Google's witnesses, Google's relevant sources of proof, and other relevant third-party witnesses are also all located in California, not in Texas.  The inconvenience of travel for witnesses and transporting

evidence is only heightened in light of the pandemic.  Further, a stay would not prejudice Plaintiff because this case is in its infancy, discovery has not yet opened, and trials in this District have been postponed due to the pandemic.

Second, Google will suffer unnecessary hardship from spending resources on a *Markman* hearing and fact discovery, which will begin in the near future, and which would likely differ under the rules of another district and judge.

And third, a stay will certainly conserve judicial resources by avoiding the time-intensive tasks of a *Markman* hearing and claim construction order.  Indeed, conducting such proceedings in this District would be duplicative because the SDCA Court previously conducted claim construction proceedings and issued an order on the same.  *InfoGation Corp. v. Huawei Device USA, Inc.*, No. 3:16-cv-1903, Dkt. 74 (S.D. Cal. May 5, 2017).  Google and Plaintiff recently exchanged proposed terms for construction, and many of the proposed terms overlap with those already construed in the SDCA Court's order, including "optimal route," "non-proprietary," and "natural language."  There is no reason for this Court to duplicate that effort if the case will be transferred to the SDCA.

Accordingly, all relevant factors favor a stay.  For at least these reasons, Google's pending transfer motion should take priority, and Google respectfully requests a short stay pending a decision on it.

Dated:  December 4, 2020

Respectfully submitted,

By: _/s/ J. Mark Mann_____
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone:  903/657-8540
Facsimile:  903/657-6003

Darin W. Snyder (*pro hac vice*)
dsnyder@omm.com
David S. Almeling (*pro hac vice*)
dalmeling@omm.com
Mark Liang (*pro hac vice*)
mliang@omm.com
Bess Ibtisam Hanish (*pro hac vice*)
bhanish@omm.com
Daniel Silverman (*pro hac vice*)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

**ATTORNEYS FOR DEFENDANT
GOOGLE LLC**

## <u>CERTIFICATE OF CONFERENCE</u>

On November 30, 2020, pursuant to Local Rule CV-7, counsel Daniel Silverman for

Defendant met and conferred with counsel Patricia Y. Ho for Plaintiff, and counsel for Plaintiff

indicated on November 30, 2020, that Plaintiff is opposed to the relief sought by this Motion.

December 4, 2020                           /s/ *Daniel Silverman*_____
                                           **Daniel Silverman**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic

service are being served this December 4, 2020, with a copy of this document via electronic

mail.

Dated:  December 4, 2020                   /s/ *J. Mark Mann*_____
                                           **J. Mark Mann**